## JESSE BROOKS V. THE STATE.

No. 4224.  Decided June 19, 1909.

**Theft from the Person—Circumstantial Evidence.**

Where upon trial for theft from the person the testimony, being circumstantial, did not exclude every reasonable hypothesis except the guilt of the accused, the conviction could not be sustained.

Appeal from the District Court of Taylor. Tried below before the Hon. Thos. L. Blanton.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft from the person, his punishment being assessed at two years confinement in the penitentiary.

The record discloses that the alleged owner, Paul Rodgers, had been picking cotton in Coleman County; that his residence was in Scurry County, five miles west of Snyder; that enroute home from Coleman County he stopped at Abilene, in Taylor County, and spent the day. He was walking around the town during the day in company with Roy Garner most of the time, and part of the time with appellant and another boy named Stout. Stout died before the trial. Garner and the prosecuting witness testified in the case. Appellant and Stout had a bottle of whisky. The prosecuting witness, Rodgers and Garner, had a bottle of alcohol. All of the boys were more or less under the influence of intoxicants. Sometime about 11 o'clock p. m. Rodgers and Garner secured room No. 10 at the Red Front Restaurant for the purpose of spending the night; after renting the room Rodgers went to bed, Garner went to another part of town to get his grip; while at the place where his grip was he met the other two boys, appellant and Stout, who made inquiry of him as to where he and Rodgers were going to spend the night and received the information. They went away before Garner, and when Garner reached the room occupied by himself and Rodgers, he found appellant and Stout in the room, appellant in bed with Rodgers, who was asleep, and Stout looking in the grip of Rodgers. This grip contained the alcohol. Nothing was taken from the grip. Garner requested appellant to get out of bed, that he wanted to retire; Rodgers arose, went away and Stout accompanied him. Rodgers testified that the night being a little cool and the cover light, he did not pull off his breeches; that he had two purses containing money, one of which was in his pants pocket; that he did not know when he lost his money, but it was in the purse the last time he noticed it, which was sometime before he went to his room; that he was to arise early in the morning to take the west bound train enroute home; that when he awoke about 3 o'clock in the morning he discovered that his pocket-book was not in his pocket and found it on the bed lying between himself and his companion Garner with the money gone. Garner states that he did not get the money, but that when he went

to bed the pocket-book was not in the bed where it was found by Rodgers when Rodgers arose the next morning. There was no evidence introduced further connecting appellant with the theft of the money, unless it be the fact that Rodgers, the alleged owner, did not see appellant the next day. There was no evidence introduced showing that appellant had any of the missing money. This is the substance of the case on the evidence, and from this appellant contends the evidence is not sufficient to justify the verdict. We are of opinion that his contention is correct. It is possible that he got the money, but it is equally as possible or even probable he did not. Possibilities are not sufficient to support verdicts sending men to the penitentiary. All reasonable hypotheses must be excluded except guilt. All of the boys knew that Rodgers had the money, as he had exhibited it several times during the day. It is a suspicious circumstance against appellant that he and Stout went to Rodgers' room at the Red Front Restaurant, and that appellant lay down on the bed with him, but if Garner's testimony is true, the pocket-book was not in the bed out of Rodgers' pocket when appellant left the room. This evidence is not sufficient to authorize a conviction in view of the law of circumstantial evidence. It does not exclude every reasonable hypothesis except the guilt of the accused. We are unwilling to affirm a judgment with the record in this condition where the facts are no stronger than here presented.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*