FRANCISCO RIOS, ALIAS RIES, V. STATE.

No. 2204. Decided January 29, 1913.

**Theft—Insufficiency of the Evidence.**

Where, upon trial of theft, the evidence did not show with any degree of certainty that defendant was the man who stole the alleged horse, if it was stolen, the evidence was insufficient to sustain a conviction.

Appeal from the District Court of Hays. Tried below before the Hon. R. E. McKie, Special Judge.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a horse theft case. The alleged owner, Monta, testified that defendant had worked for him at different times for a couple of years before the alleged theft; that on the night his horse disappeared somebody came to his house, accompanied by another party; that there were two shots fired that night by a man that he says he recognized as defendant and these shots were fired at him, or the cot on which he usually slept; that he recognized the defendant as being the man who did the shooting and that he heard some conversation between the two parties. This is the language of the witness in this connection: "It was this boy, and the other fellow that was with him says, 'Let me put my shoes on' and when he got his shoes on the other fellow started the other way and he says, 'No, hold on, don't go that way,' and he turned and went and as they went off this fellow here says, 'Ha! Ha! I shore got him!' Then they went off and I went and looked in the lot and I couldn't see my horse. I had had him in the stall, and I thought my boy turned him out and the next day I asked him; I asked the boy where he was and he said that he didn't know where he was, and he said that he hadn't been in the lot. I went then and looked on the inside of the lot and I found the back part of the lot where there was a wire gap taken out, and they had slipped the horse through that wire and hooked the wire gap and then jumped on the horse right there; the ground was wet then and I knew whose tracks it was. I knew his tracks and I had a pretty good idea that he was the man; I didn't see him get the horse. I have never seen the horse since that time. The shot that he shot at me, we found inside of the water barrel; it went right over my cot where I had been sleeping; I wasn't sleeping there then; I had been sleeping there for about seven weeks; that night I had gone into the house about ten o'clock." The animal that the witness says he lost "was not altogether a horse; that it was a mare." "I don't remember the brand

on that horse. This was the twentieth of September last year that I lost my horse. I haven't heard anything, except just to hear of her; I have heard of her, that is all; I don't know myself.'' He states that somebody had told him that defendant sold a horse in New Braunfels. This is the substance of the State's case. No witness ever saw the defendant in possession of the horse and no witness is produced to show that the animal was ever in New Braunfels, or shows that she was sold there. The name of the witnesses who told him were not given and the State did not produce them. Defendant borrowed a saddle from a man by the name of Salalar. The time of borrowing the saddle is left very indefinite, but this saddle was subsequently brought to the barber shop of a man named Benito Lopez, who says it was brought there in the last days of August, and that some time after the 16th of September he sold this barber shop to another Mexican and there came up some trouble between them as to whether or not the saddle went with the shop when the shop changed hands. This is a sufficient statement of the evidence and on this it is suggested that the evidence is not sufficient.

We are of opinion that the contention is correct. The evidence should show with some degree of certainty that appellant was the man who stole the horse, if it was in fact stolen. The witness for the State, the alleged owner, states the horse disappeared the night defendant was there and shot at him, but no witness ever saw defendant in possession of the horse and there is nothing further than that to connect him with the theft of the horse if stolen. If as a matter of fact appellant had a horse and sold it in New Braunfels, as the witness says somebody told him, that matter could have been ascertained and the evidence secured, but there was no attempt to do this so far as this record is concerned. We are not willing, on this character of testimony, that a man should go to the penitentiary. The State must make out a reasonable case against defendant. In cases of circumstantial evidence the rule is well adjudicated that the circumstances must be sufficiently strong and cogent to exclude every other reasonable hypothesis, except the guilt of defendant.

The judgment is reversed and the cause remanded.

This evidence does not meet the requirements of the law.

*Reversed and remanded.*