O. H.. ROGERS *v.* THE STATE.

No. 5606.  Decided December 10, 1919.

1.—Theft from Person—Evidence—Declaration of Third Party—Res Gestae.

Upon trial of theft from the person, there was no error in permitting the prosecutrix to testify that her attention was called to the fact that some

one was taking her purse; that she and her informant looked for the party, but, failing to find him, waited for him at a certain place where he was identified by her informant; part of this was res gestae and part of it was in the presence of the defendant when he was identified.

**2.—Same—Bill of Exceptions—Evidence—Self-serving Declarations—Accomplice.**

Upon trial of theft from the person, there was no error in the court's refusal to hear evidence that the defendant had issued a subpoena for a certain witness contending ˙ that this witness was the offender and had admitted this fact to defendant's wife, to corroborate his wife's testimony as the same was self-serving, and, besides, the alleged witness was an accomplice.

Appeal from the Criminal District Court of Tarrant. Tried below before the Hon. George E. Hosey, judge.

Appeal from a conviction of theft from the person; penalty, two years and six months imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, *Messe M. Brown,* Criminal District Attorney, and *W. E. Myres,* Assistant Criminal District Attorney, for the State.

MORROW, JUDGE.—The appellant was convicted of theft from the person. The testimony of Mrs. Harrell, the injured party, was to the effect that while ˙in the carnival grounds during the Stock Show, Fort Worth, at night-time, her purse containing a sum of money was in her coat pocket; that a man called her attention to the fact that another man had taken her purse; that she and the man who gave the information, being unable to find the one who took the purse in the crowd, waited at the gate, and as he came out he was identified. It was shown by her testimony and others that at the time he came out appellant was in company with another man; that they were arrested; and that one of them dropped the purse and money, which were identified by the woman. The man who saw the purse taken from Mrs. Harrell's pocket testified and identified the appellant as the taker, stating that he saw the appellant take the pocketbook from the person of Mrs. Harrell.

There are two bills of exceptions, one complaining of the admission of Mrs. Harrell's testimony stating that her attention was called to the fact that someone was taking her purse, that she and her informant looked for the party, but failing to find him, waited for him at the gate, when he was identified by her informant. This is complained of as hearsay. Part of it was *res gestae,* and part of it was in the presence of appellant at the time he was identified and accused of the crime.

The other bill complains of the refusal of the court to hear evidenc that the appellant had issued a subpoena for a person described as "Clayton." His position, as we gather from the bill, was that Clayton was the offender and had admitted this fact to the appellant's wife, and that he desired to prove that he had a subpoena issued for him in order to corroborate his wife's testimony. The wife's testimony was not objected to by the State. though it appears to have been hearsay. Greenwood v. State. 208 S. W. Rep., 662, and authorities cited therein. There is no suggestion in the bill that any use of the absence of Clayton at the trial was made by the State, such as would have made it competent for the appellant to prove that he had caused the issuance of a subpoena for him. There is evidence that Clayton was an accomplice or co-principal with the appellant in the commission of the offense, and no effort in the bill is made to show that the subpoena was directed to the place of residence of Clayton, nor the date of its issuance. As presented the record leaves the inference that the proof desired would have disclosed but a self-serving act on the part of the appellant.

The evidence is conclusive of the guilt of appellant, and we discern from the record no error which would justify a disturbance of the verdict.

The judgment is affirmed.

*Affirmed.*