### John Corzine v. The State.

#### No. 6029.   Decided January 5, 1921.

##### 1.—Murder—Witness—Convict—Cross-examination—Withdrawal of Evidence.

On trial of murder and a conviction of manslaughter, the trial court should have sustained the motion of defendant to withdraw from the jury the testimony of the principal State's witness, the same being materially injurious to defendant, and said witness on cross-examination admitting that he had served a term in the penitentiary for cattle stealing, and had not been pardoned, he was, therefore, an incompetent witness.

##### 2.—Same—Rule Stated—Statute Construed—Convict—Incompetent Witness.

One may be asked on cross-examination if he has not been convicted of a felony, the purpose of such question being to discover the incompetence of such witness, and if the opposing party makes no objection and the witness by his answer discloses his conviction and want of pardon, this may be made proper grounds of a motion to exclude all the testimony of said witness, under Article 788, C. C. P.   Following Wines v. State, 66 S. W. Rep., 788. Qualifying Batson v. State, 36 Texas Crim. Rep., 606.

##### 3.—Same—Convict—Objection—Rule Stated—Pardon—Limitation.

If the State was not willing for the incompetence of witness to be thus shown, it should have objected *in limine* to such character of testimony as not being the best evidence, but the ground of the objection being that same was too remote was untenable, as there is ·no limitation upon the incompetence of a witness arising from conviction of felony, and a pardon alone can remove it.   Following Price v. State, 66 Texas Crim. Rep., 400.

Appeal from the District Court of Hunt.   Tried below before the Honorable Wm. Pierson.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*H. L. Carpenter,* for appellant.—On question of incompetency of witness to be shown by secondary evidence: White v. State, 33 Texas Crim. Rep., 177.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hunt County, was convicted of manslaughter, and his punishment fixed at five years in the penitentiary.

From the record it appears that appellant occupied the same house with deceased and his family, said family consisting of deceased, his wife and child; and the parties seem to have lived together with apparent harmony up to the occasion of the homicide, when trouble arose because of real or imaginary attentions of appellant to the wife of deceased. On the trial neither the wife nor daughter of the deceased testified, and the State's principal witness appeared to be a negro by the name of Pennington, who claimed to have seen the occurrence from the porch of a nearby house.

The trial court should have sustained appellant's motion to withdraw from the jury the testimony of said witness Pennington. Same was materially injurious to appellant, and said witness, on cross-examination admitted that he had served a term in the penitentiary for cattle stealing, and had not been pardoned. Such facts being true, he was incompetent to give testimony under our statutes. Article 788, C. C. P. That one has been convicted of crime may be proven by parol testimony in the absence of objection on the ground that same is not the best evidence. This is well settled. Pages 703-704, Vernon's C. C. P. One may be asked on cross-examination if he has not been convicted of a felony, the purpose of such question being to discover the incompetence of such witness, and, if the opposing party makes no objection and the witness by his answer discloses his conviction and want of pardon, this may be made proper ground of motion to exclude all testimony of said witness. Wines v. State, 66 S. W. Rep., 788. Some expressions in Batson v. State, 36 Texas Crim. Rep., 606, seem to hold contrary to our views here written, but the latter opinion was handed down by the same learned judge who wrote in the Wines case, *supra,* and said last mentioned case is not in harmony with any other construction of the law than that now announced. If the witness be incompetent, and that fact be discovered and established by testimony during the trial, we are unable to perceive on what ground the trial court could justify a refusal to exclude such testimony.

Nor do we think the court below should have sustained the State's objection to the testimony showing conviction, the ground of the objection being that same was too remote. If said testimony had been offered for the purpose of impeachment, or as affecting the credibility of said witness, the objection that same was too remote should have been sustained upon showing that such conviction occurred twenty-five years prior thereto; but nothing in the record discloses that such was the purpose in the instant case. As far as we are informed by the record, the evidence was offered for any purpose legitimately effected, and the establishment of incompetence was one such effect. If the State was not willing for incompetence to be thus shown it should have objected *in limine* to such character of testimony as not being the best

evidence.   There is no limitation upon the incompetence of a witness arising from conviction of felony.   When shown to have once existed, it obtains thereafter, and pardon alone can remove it.   Price v. State, 66 Texas Crim. Rep., 400, 147 S. W. R., 243.   That the conviction urged in bar occurred recently or remotely, did not affect it as a bar-rier to the reception of testimony from such witness

For the errors mentioned the case will be reversed and remanded.

*Reversed and remanded.*