### Nioma Joiner v. The State.

No. 6274. Decided June 1, 1921.

**1.—Receiving Stolen Property—Appeal Bond—Practice on Appeal.**

Where the defective appeal bond was substituted by a new bond in accordance with our statutes and filed with the clerk below, a certified copy of which was filed in this court, the appeal will be heard upon its merits.

**2.—Same—Evidence—Escaped Convict—Cross-examination.**

Where the main State's witness on cross-examination admitted that he was an escaped convict and that he had never been pardoned, an objection to his testimony should have been sustained, and the failure to do so was reversible error. Following Corzine v. State, 88 Texas Crim. Rep., 340.

3.—Same—Accomplice Testimony—Practice in Trial Court—Motion for New Trial.

Where no requested charge was submitted on the rule of accomplice testimony, there was no reversible error in the absence of an exception, and the matter cannot be raised by motion for a new trial.

4.—Same—Evidence—Res Inter Alias Acta.

Where the testimony submitted did not appear to be *res inter alias acta* between the parties, there was no error in admitting same.

5.—Same—Other Offenses—Evidence—Practice in Trial Court.

Where there was no contention on the part of defendant that the property was not stolen by the party claimed by the State, nor that his connection therewith was innocent, there was no ground for permitting the introduction of testimony of other thefts, and objection to such testimony should have been sustained.

6.—Same—Peremptory Instructions—Practice in Trial Court.

Upon trial of receiving stolen property, there was no error in refusing a peremptory instruction on behalf of defendant under the facts in the instant case.

7.—Same—Rehearing—Convict—Practice on Appeal.

Where the record showed that the alleged escaped convict testified after he was shown to be an escaped, unpardoned convict, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Williamson. Tried below before the Honorable F. D. Love.

Appeal from a conviction of receiving and concealing stolen property; penalty, one day in jail and a fine of $10.

The opinion states the case.

No brief on file for appellant.

*Dan Moody,* County Attorney, for the State.—On question of convict testimony: White v. State, 26 S. W. Rep., 72; Smiley v. State, 189 id., 482; Baxter v. State, 194 id., 1107.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Williamson County of receiving and concealing stolen property, and her punishment fixed at one day in the county jail and a fine of $10.

A motion to dismiss the appeal because of a detective appeal bond, will be overruled inasmuch as it appears that after being notified of the condition of said appeal bond, a new bond was made by appellant in accordance with our statute, which was properly certified to and filed with the clerk of this court, and same will be incorporated in and made a part of the record in this case.

Appellant was charged with receiving from one Parrish a certain dress of the value of fifteen dollars which had theretofore been acquired by one Holts in such manner as that its acquisition was theft.

Holts or Holt was introduced as a witness for the State and testified that he had been brought to the county of the forum from the county jail in Bastrop by the officers. On cross-examination by appellant he admitted himself to be an escaped convict, stating that he had never been pardoned. Appellant thereupon objected to his testimony, which objection was overruled and he was permitted to further testify. The objection should have been sustained. Corzine v. State, 88 Texas Crim. Rep., 340, 226 S. W. Rep., 686.

Holts and Parrish were both shown to have been criminally connected with the alleged stolen property in such way as to make theirs fall within the rule of accomplice testimony. Failure to charge as to such testimony is not reversible error unless there be an exception to the instructions given, for such failure; or there be refusal of a special charge submitting such issue, neither of which appears in the instant case, and the matter cannot be raised upon motion for new trial, or in this court for the first time.

Witness Parrish testified that said Holts left various suit cases filled with stolen goods at the home of one Ricks, who knew said goods were stolen. We do not think the particular objection to this evidence which was made by appellant was sufficient, but in view of another trial we observe that the knowledge of Ricks of the stolen character of said goods, does not appear material or binding upon this appellant; and it would appear to be *res inter alias acta* as to what was done between Holt and Ricks away from the presence and hearing of appellant, and such testimony should not be admitted over a proper objection.

The alleged stolen property involved in the instant case was claimed by the State to have been stolen by said Holts from a store in Bastrop. This alleged thief while testifying as a witness was permitted, over objection, to say that he had broken into other stores at Bartlett, Elgin, Granger and Thorndale. In his qualification to the bill of exceptions taken by appellant, the trial court said he admitted said evidence as to other thefts from other stores as showing system on the part of Holt and as evidence of its knowledge on the part of appellant. There appears in the record no contention on the part of appellant that the property was not stolen by Holt, nor that his connection therewith was innocent. There appears no legal reason for showing the commission of the thefts or robberies from other stores than that in Bastrop from which the alleged stolen property was taken. It was not even attempted to be shown that said other thefts were contemporaneous, and we find nothing in the record to indicate or suggest any knowledge on the part of appellant of said other thefts. The evidence was inadmissible, and the objection should have been sustained.

No error was committed in refusing a peremptory instruction on behalf of appellant. The proof showed that for eleven dollars she bought a new silk dress worth $42.50 which had never been worn or

used, and which was brought to her house by the negro Parrish in a hand-bag, he having been to her house before with other articles, from all which it would not seem unreasonable that she might have known that his possession of the property was unlawful. When the property was found by the officers in her home, it was taken from an ice-chest. Under these facts it was a question for the jury to decide whether or not at the time she bought the property she knew it was acquired by the person from whom she obtained same in such manner as that its taking was theft.

For the errors above mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

June 24, 1921.

LATTIMORE, JUDGE.—The State has filed an ingenious motion for rehearing claiming that it is not made clear by the bill of exceptions taken to the action of the trial court in permitting the unpardoned convict Holt to testify, that he gave testimony after such objection was made. The bill of exceptions is not clear on this point. The statement of facts shows beyond dispute that after the objection was made by the appellant, based on the fact that the witness was an unpardoned convict, and that fact had been disclosed by his testimony, said witness was permitted to testify and state further facts. We are not inclined to believe that our original opinion was erroneous, and the State's motion for rehearing is overruled.

*Overruled.*