John Moore v. The State.

No. 6623.    Decided February 1, 1922.

**Theft of Automobile—Circumstantial Evidence—Insufficiency of the Evidence.**

Where, upon trial of theft of an automobile, the evidence was circumstantial and was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded. Following Tollett v. State, 44 Texas, 95, and other cases.

Appeal from the Criminal District Court of Travis; tried below before the Honorable James R. Hamilton.

Appeal from a conviction of theft of an automobile; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Warren W. Moore,* for appellant.—Cited: Mosely v. State, 127 S. W. Rep., 178; Reeseman v. State, 128 id.; 1129; McWhorter v. State, 11 Texas Crim. App., 585.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for the theft of an automobile of the value of more than fifty dollars, with punishment assessed at two years confinement in the penitentiary.

On the night of April 26, 1921 Sam Pickle was the owner of a Ford automobile. Between nine-thirty and ten o'clock on the night in question he left his car in front of his residence in the city of Austin. About eleven o'clock the same night his sister informed him that the car was gone. He saw the car the next morning about eleven o'clock at a point which will be hereafter referred to. No one saw the car taken from in front of the house. On the morning of April 27th, about three o'clock, the night watchman at Kyle, which is some twenty miles from Austin, saw standing on the street in Kyle a Ford car which had casings upon three wheels, but no casing upon the left rear wheel. About two hours later he again saw this car standing in same place. He never at any time saw any one in or about the car. It was standing about forty feet from a garage in Kyle which belonged to one Wiggins. The next morning when Wiggins came to his place of business he found the garage had been broken open and that several casings and inner tubes had been taken therefrom during the night. Upon discovery of this several parties followed the tracks of the car from the place it had been seen standing by the night watchman. They were able to do so from the fact that the trail left by the car was plainly discernible on account of one of the rear wheels being without a casing. They followed this track to the city limits of Austin. For some reason not disclosed by the record they did not continue to follow the tracks when it reached the city limits; whether they lost the trail or left it in order to converse with the officers in Austin is not made apparent. Some time early in the morning of the 27th a witness who was feeding cattle at the stock pens discovered a Ford car in the road near there. Report was made to the officers of the presence of the car. Upon going to the stock pens it was found that the car which had been left there had a casing off of the left rear wheel, and bore the same license number as the car which the night watchman in Kyle had seen earlier in the morning. Pickle learned in some way that a car had been found near the stock pens, and identified it as his. The officers then traced the car from the stock pens backward to a point in South Austin where the car passed near the head of a ravine or gulch. Upon investigation they found in the ravine the casings and tubes which were identified by Wiggins, the garage man from Kyle, as the property which had been taken from his place of business the night before. The officers did not leave the property where found in the ravine, but returned it to Wiggins, and left two officers on watch near the ravine where the casings and tubes had been found. No one appeared upon the scene during the day. (No one was seen to leave the car near the stock pens, and up to this point no testimony had been introduced of any character in any way connecting or tending to connect the appellant with the transaction in the slightest degree.) Dick

Madison, a colored service car driver, testified that late in the afternoon of April 27th the appellant asked him if he "wanted to make a load" and upon being advised that he did and appellant directed him to drive across the river to South Austin, and told him which way to turn after they crossed the bridge but did not at any time tell him what he wanted him to make the drive for; that appellant, after directing him which way to go told him to wait a minute and got out of the car and went up a hollow. The officers who had been left on watch testified that about dark or a little after some one came up the ravine moving the Johnson grass and underbrush to one side as if looking for something; upon being arrested it was discovered to be the appellant, who made some little resistance. Appellant never at any time stated what he was there for; never made any statement with reference to the matter one way or the other, and offered no testimony upon the trial. He was never found in possession of the casings and tubes and his only connection therewith is to be inferred from the circumstances heretofore related. It is appellant's contention that the facts shown do not fill the requirements of the law of circumstantial evidence. This is the sole point submitted to this court for its determination.

To determine whether the evidence fulfills the requirement of the law it will be necessary to analyze it to this court. It must be borne in mind that the charge upon which appellant was convicted was theft of the automobile, not burglary of the garage at Kyle. He was never seen in possession of the car either in Austin or Kyle or anywhere between the two places. It is not shown by the evidence that he was in Austin at the time the automobile was taken from in front of the owner's premises; it was not shown that he was in Kyle at the time the car in question was seen there. It is true a presumption of guilt may arise from the possession of recently stolen property unexplained, but this is not a legal presumption of guilt but only a circumstance from which the jury may infer the unlawful acquisition of the property. No possession of the car or casings and tubes having been shown, possession must be presumed from the bare fact of accused's presence at the place of the arrest. In order to reach the conclusion that appellant is guilty of the theft of the car in question we are required to go through this process of reasoning; we must conclude that at the time the officers arrested him he was looking for the casings and tubes which had been removed by the officers; upon that conclusion we must go further and presume he had placed them there; for if placed there by some other party who may have advised appellant of their whereabouts the presumption as to his guilt would not attach. Then we must presume that if appellant placed the casings and the tubes in the ravine that he is the identical party who burglarized the garage at Kyle and brought the casings and tubes in the car to the place where they were found; and then we must presume that he not only did all this, but that he is the identical party who took the automobile from

in front of the owner's residence, and drove it to Kyle and there burglarized the garage.

The appellant may be guilty. The evidence casts strong suspicion on him; but is this sufficient to authorize a conviction in the face of the law which requires the proof in cases of circumstantial evidence to "exclude every other reasonable hypothesis except that of the defendant's guilt?"

We quote from the language of the court in Tollett v. State, 44 Texas 95, as follows:

"To sustain a conviction it should appear not only that an offense as charged has been committed, but there should also be proof tending to establish that the party charged was the person who committed it, or was a participant in its commission, to a degree of certainty greater than a mere probability or strong suspicion. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him. It is the duty of the court to require that such legal and competent evidence shall be adduced on the trial in order to sustain a verdict of guilty."

In Hogan v. State, 13 Texas Crim. App., 319, the court, in speaking of the defendant's connection with the crime, says:

"His complicity should be shown by better and more satisfactory evidence than strong probabilities or strong possibilities and suspicion of guilt."

In Wilson v. State, 100 S. W. Rep., 153, in commenting upon the evidence, the court says:

"While it carries strong suspicion upon appellant as the guilty party, yet it lacks that degree of certainty required in circumstantial evidence which authorizes this court to affirm the judgment."

To reach a verdict of guilty in the instant case it occurs to us the jury was compelled to base presumptions on other presumptions which was not authorized by the law in applying the rule of circumstantial evidence.

The judgment of the trial court is reversed, and the cause remanded.

*Reversed and remanded.*