## George Duncan v. The State.

No. 7737.   Decided November 14, 1923.

Manslaughter—Convict—Witness.

Where the privilege of testing the State's witness's qualification pre liminary to receiving her testimony was denied appellant, and on her cross-examination it was shown without objection that she was an unpardoned convict, her testimony should have been excluded, and refusal to do so was reversible error.   Following Corzine v. State, 88 Texas Crim. Rep., 340.

Appeal from the District Court of Tarrant.   Tried below before the Honorable George E. Hosey.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*McLean, Scott & Sayers,* for appellant.   Cited, cases in opinion.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.   Cited, Daly v. State, 162 S. W. Rep., 1152; Perry v. State, 155 id., 253; Graybill v. State, 97 id., 1046; Perez v. State, 8 Texas Crim. App., 611.

MORROW, Presiding Judge.—The offense is manslaughter; punishment fixed at confinement in the penitentiary for a period of three years.

On the issue of self-defense the testimony of appellant and that of Cordie Davis was in conflict.   The privilege of testing her qualification as a witness preliminary to receiving her evidence was denied appellant, and on her cross-examination she was shown, without objection from the State, to have been an unpardoned convict.   This disqualified her as a witness, and appellant's motion to exclude her testimony should have been sustained.   The statute is discussed and decisions cited in Corzine v. State, 88 Texas Crim. Rep., 340.

The error requires a reversal of the judgment, and it is so ordered.

*Reversed and remanded.*