### GOLDIE BALLARD v. THE STATE.

No. 7605.    Decided November 28, 1923.

**Selling Intoxicating Liquor—Evidence—Declarations of Third Party.**

The rule excluding the declarations of third parties out of the presence of the accused, and of which he is not shown to have had any knowledge or connection, is fundamental, and the admission of testimony that some unknown person had a telephone conversation with another witness touching the negotiations for the sale of some corn whisky is reversible error. Following Carlile v. State, 238 S. W. Rep., 823, and other cases.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Baskin, Dodge & Beene,* and *Simpson, Moore & Parker,* for appellant. On question of declarations of third parties, Cooper v. State, 48 Texas Crim. Rep., 608, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State. On question of declarations of third parties, Moss v. State, recently decided.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The indictment contains two counts.   One   names G. S. Boswell as the purchaser and the other names J. W. Timms as the buyer of the liquor.

During the progress of the trial, the State elected to rely upon the alleged sale to Boswell.  Boswell and Timms, while traveling together in an automobile at night-time with three gallons of corn whisky in their possession, were placed under arrest.  The officers had followed them for some fifteen miles, having first observed them at a point near the ranch upon which the appellant lived.  A short time before they were observed, the appellant was seen going in the direction of his home.

Boswell and Timms testified that they went to a certain point, which they described, and purchased the whisky from a man whom they did not know.  Neither would identify the appellant as the seller, both claiming that the appellant was a much larger man than the one from whom the whisky was bought.  Boswell described the transaction, however, stating in substance that he went to a place where he found a boy and a woman; that he was advised by the boy that the man of the household was away but would arrive later. Boswell and Timms had remained in their car for some two hours and a half when a car was driven up by a man.  The boy approached the car, after which the man came to Boswell and Timms and agreed to sell Boswell one gallon and Timms two gallons of whisky at eight dollars per gallon.  He went to the house and returned with the packages which he placed in the car, after which he received the agreed price.  A man named Morris, a much smaller man than the appellant resided on the same place as the appellant, having rented land from the owner.

Roberts, a youth sixteen years of age, a nephew of Mrs. Ballard, described the transaction and identified the appellant as the person who sold the whisky.  Mrs. Ballard testified to circumstances pointing to Morris as the vendor of the whisky and tending to exclude the appellant's participation in the transaction.

In opening the case, Boswell, over the appellant's objection, testified in substance that sometime antecedent to the transaction, some unknown person had called him over the telephone from some point in the city of Fort Worth unknown to him and entered into negotiations with him for the sale of corn whisky, fixing the price and giving directions as to the locality in which the whisky would be delivered. These directions were given, according to Boswell, in much detail, and were subsequently followed by him, leading to the point at which the whisky was purchased.  No circumstance was introduced to con-

nect the appellant with this conversation. No rule occurs to us, nor is there any circumstance revealed which exempts the testimony detailing the conversation mentioned from the operation of the law excluding hearsay declarations. On the facts, the case of Patrick v. State, 45 Texas Crim. Rep., 587, seems parallel. The rule excluding the declarations of third parties out of the presence of the accused and of which he is not shown to have had any knowledge or connection is fundamental and is illustrated in many decisions of this court. See Joiner v. State, 89 Texas Crim. Rep., 408, 232 S. W., Rep., 333; Carlile v. State, 90 Texas Crim. Rep., 1, 230 S. W. Rep., 823.

The question of the identity of the seller is closely drawn, and the hearsay testimony giving minute details of the instructions given the alleged purchasers in arranging for the sale of the intoxicants in advance was capable of appropriation by the jury to the prejudice of the appellant upon the issue of identity. In the absence of evidence of some degree of cogency connecting appellant with the conversation, it should not have been received in evidence against him. Because of its admission, the judgment is reversed and the cause remanded.

*Reversed and remanded.*