# JANUARY, 1925.

### J. P. PONTON V. THE STATE.

#### No. 8556.  Delivered Jan. 21, 1925.

**Transporting Intoxicating Liquors—Evidence Insufficient to Sustain Conviction.**

While we regret to disturb the verdict of a jury, we cannot give our assent to the conviction of a citizen of any crime or misdemeanor, except there be some tangible evidence upon which a conviction may rest. We do not believe the evidence in this case, makes out such a case as would justify us in permitting the conviction to stand.

Appeal from the District Court of Milam County. Tried below before the Hon. John Watson, Judge.

Appeal from a conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

The opinion states the case.

*Chambers, Wallace & Gillis,* and *E. T. Simmang,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From a conviction in the district court of Milam county for transporting intoxicating liquor, with punishment at one year in the penitentiary, this appeal is brought.

Appellant is a man over sixty years of age. He lived in Lee County. He and his grown son were arrested at Thorndale in Milam County. Two officers appeared to be on duty on the day of said arrest, one on one side of a wide street and the other on the other. Appellant's son, John, owned a Ford coupe with disk wheels and was observed driving

said car up said street, appellant being seated in the car with him. The parking custom in said town placed parked automobiles in the middle of the street. Appellant's son drove the car up the street and around the line of parked automobiles and back down on the other side. The car was stopped in front of a store. Appellant had gotten out of the car and was arrested shortly afterward in said store making some purchases. The officers met at the car of John Ponton and searching it found several gallons of whisky in containers in the back end of the car and a pint bottle of the same liquid under the cushion. This constitutes the State's case, except that two witnesses testified that on the afternoon of that day they saw appellant and his son in a Ford coupe coming toward Thorndale, the car being driven by the young man. One of these witnesses said he was not acquainted with appellant, just knew him by seeing him; was not acquainted with John Ponton. The other witness said that he had known appellant when he saw him for several years. In each instance the witness himself was going toward Thorndale and said that appellant and his son came up behind and passed him. There is no evidence in the record showing that appellant claimed any interest in the whisky found in the car, or that he knew it was in the car, or that he was driving the car at any time or had anything to do with the transportation of the liquor other than that he was sitting in the car, which was being driven by his son, as testified to by the officers in town and the witnesses who claimed to have seen the parties coming to town. This much for the State's case.

Appellant's grandson, a young man named Waters, testified that on the night before the arrest in question he borrowed the Ford coupe mentioned from his uncle John Ponton and drove by and got a boy named Chester Smith and the two of them drove to a point in Lee county on Yegua creek called Alligator hole and there he left young Smith in the car and went to a point where he purchased from a man named Akert the whisky found in the car by the officers when they searched it at Thorndale. Young Smith testified for the defense in full corroboration of this testimony. Waters further testified that he carried his uncle's car home about 12 o'clock that night and intended to get up the next morning and remove the whisky from it but slept late and when he awoke on the morning of the day of the arrest he found his uncle John Ponton had already left in said coupe. Being concerned about the whisky and the possibility of his uncle's arrest for connection therewith, Waters testified that he went over to appellant's home for the purpose of borrowing an old Ford car owned by appellant. He found the car out of fix but worked on it and finally succeeded in getting it to go and that he and appellant got in said old touring car, drove to Thorndale where he left appellant on the street and took the car down to a shop to try to fix it. This witness is corroborated by a number of other witnesses as to his movements and those of appellant dur-

ing that day.   John Ponton took the witness stand and testified that when he drove his coupe to the town of Thorndale he did not know anything at all of the liquor being in the back end.   Appellant testified that after going to town in his own touring car with young Waters on the day in question, he got out on the street and waited until he saw his son John come along in his coupe and that he got in it with him and drove up the street past the place where the officers said they saw them together in the car and on to the store  where he got out and was making his purchases when arrested.   He said he knew nothing about the liquor being in the car and had nothing to do with it in any shape, form or fashion.

We regret to disturb the verdict of a jury but can not give our assent to conviction of citizens of any crimes or misdemeanors except there be some tangible evidence upon which a conviction may rest.   We do not believe the evidence makes out such a case as would justify us in permitting the conviction to stand.   For our views expressed in somewhat similar cases, see Walling v. State, 250 S. W. Rep., 167; Alford v. State, 261 S. W. Rep., 1040; West v. State, 248 S. W. Rep., 371.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*