CARL WATSON v. THE STATE.

No. 12076.   Delivered December 12, 1928.

The opinion states the case.

*R. H. Templeton* of Wellington, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for theft of an automobile, punishment being two years in the penitentiary.

Appellant challenges the sufficiency of the evidence. No other question is presented. J. M. Cornell was the owner of a Chevrolet coach. On the afternoon of December 31, 1927—Saturday—he drove the car into the city of Wellington and parked it near the City National Bank. He was away from the car only about ten minutes; when he returned the car was gone. Before parking his

car Cornell saw appellant and Pete Bean near the bank in a car which Bean was driving. When Cornell returned and found his car missing Bean was standing near the point where the car had been parked. Cornell did not see appellant anywhere at this time. On cross-examination Cornell testified:

"I saw a number of people both riding and walking in town as I drove in, and there were many people along the street where I saw Carl Watson and Pete Bean. There was nothing unusual about them. They were only driving across the street like I was at the time I saw them. They just passed up the street near where I was parking my car. Neither one of them stopped near my car and I never saw Carl any more that day. When I got my groceries and came back to my car I saw Pete Bean standing on the other side of the street near the City National Bank. No, I did not see Carl Watson do anything that made me believe that he was going to or did steal my car. I don't know who got my car and all that I know is that my car was gone when I returned. I did not see Carl Watson even near my car after I stopped it, and only saw him pass up the street in a car. Many other people were then passing up and down the same street in cars just like Carl was doing and I thought nothing about it at the time."

The sheriff, C. E. McKinney, was notified of the theft immediately. He testified as follows: "About Thursday of next week following I made a trip to Crane City, Texas. I saw the defendant about two blocks away in a Chevrolet coach and saw him drive away. Later on that day I found a Chevrolet coach out at a little place from Crane City, which was the same kind of car I saw Carl Watson drive away in that morning. No one was with the car and it was just parked near a garage. I brought this car back and delivered it to Mr. Cornell. . . . Next morning after I got to Crane City I saw defendant drive off in a Chevrolet car. He was about two blocks away and I could not tell whether the car he was in was the same car that I found and brought back with me. All I know it was a Chevrolet coach and he was driving it. I did not start after him and don't know where he went. That afternoon I found a Chevrolet coach at a little place about 10 or 12 miles from Crane City. It was standing near a garage with a tire down. Defendant was not there. . . . I cannot say that the Chevrolet car I saw him drive off in is the same car as the one found later by me at the oil camp out from Crane City, but it looked like the same car, or that it was the same car as

that belonging to J. M. Cornell. I never saw defendant about the car and he was arrested in Crane City where I saw him that morning. This is about all I know about the case."

Faust, a mechanic at the garage near where the sheriff found the Cornell car, testified that while he was under a car repairing it some one drove up to the garage in the car which the sheriff later took away, but that he did not see who was driving it. The testimony of Stevens was to the same effect. Neither he nor Faust undertook to identify appellant as the driver. The substance of all the state's evidence has been set out. From the evidence offered by appellant it is shown that he worked at Crane City, and that he and his wife had been spending the Christmas holidays with her father and mother at Wellington; that appellant left on Sunday in an old Overland car to return to his work. His movements as testified to by members of his family and some disinterested parties are consistent with his innocence, and discount the state's theory of appellant's connection with the theft of the Cornell car.

We have been unable to reach any other conclusion than that the State's evidence when given even the most liberal effect possible falls short of measuring up to the requirements of the law where a conviction of crime depends on circumstantial evidence. The strongest circumstance is that testified to by the officer to the effect that six days after the theft he say appellant drive out of Crane City in a car like that owned by Cornell. The sheriff does not undertake to say that appellant was even driving in the direction of the place where the stolen car was later found. The evidence is insufficient to establish with any certainty that appellant was ever in possession of the stolen car. It barely raises a suspicion that he might have been. This is not enough. Yarbrough v. State, 69 Tex. Cr. R. 150, 151 S. W. 545; Rios v. State, 69 Tex. Cr. R. 233, 153 S. W. 308; Brooks v. State, 56 Tex. Cr. R. 513, 120 S. W. 878; Moore v. State, 91 Tex. Cr. R. 46, 237 S. W. 258, which cites with approval Tollett v. State, 44 Texas, 95; Hogan v. State, 13 Tex. Cr. App. 325 and Wilson v. State, 100 S. W. 153.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*