## BOB SCOGGIN V. THE STATE.

No. 15652.   Delivered March 1, 1933.
Reported in 57 S. W. (2d) 847.

The opinion states the case.

*McGaugh & Darroch* and *Callaway & Callaway,* all of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possession of intoxicating liquor for the purpose of sale, punishment being assessed at eighteen months' imprisonment in the penitentiary.

Appellant and Lev Baugh were jointly indicted. The prosecution against Baugh was dismissed upon motion of counsel for the state upon the ground that the evidence was insufficient to convict Baugh.

At the time the officers, under a warrant, searched the residence of appellant neither he nor his wife was at home. Both were at the hospital where appellant was to furnish the blood for a transfusion to a relative. The case is one on circumstan-

tial evidence. There was found in appellant's car which was at his house an empty five-gallon keg which bore the odor of whisky. Appellant had spent the day with Ritter and his wife at their camp on the bayou. Williams went to the camp to summons appellant to the hospital. Williams testified that as they were getting ready to leave the camp Ritter put a keg in appellant's car and requested him to take it to town. Williams said he did not know if the keg found in appellant's car was the one placed there by Ritter as he (witness) was not present when it was found. Appellant asked for a continuance for Ritter from whom it was expected to secure evidence that the keg found in appellant's car belonged to Ritter; that it was placed there by him and at his request, was brought from his camp by appellant. This evidence, if believed, would have explained away any criminating circumstance of the keg in appellant's car. While Williams' evidence was to the same effect, we observe that he was related to appellant by marriage. This fact may have caused the jury to discount his evidence. The diligence to secure Ritter's presence appears sufficient. We think appellant was entitled to his evidence, and that the refusal of the continuance was erroneous.

No one was at appellant's residence when the officers arrived except Baugh, and appellant's little son for whom Baugh was caring at appellant's request until he and his wife returned from the hospital. One of the officers testified that as he approached the house he saw Baugh go into the kitchen and pour something from a jar into the kitchen sink and then fill the jar with water. It was in evidence that the jar in question bore the odor of whisky. Baugh, testifying for appellant, denied that he poured any whisky in the kitchen sink. Upon cross-examination he was asked, over appellant's objection, if it was not a fact that while the officers were there he talked to some one over the telehone and said officers were then raiding the place and "had found some whisky out in the defendant's yard, and that he had poured what there was in the house down the sink." Upon appellant's objection being overruled Baugh answered that he did talk to appellant's wife over the telephone and told her the officers were raiding the place, but denied telling her that the officers had found whisky in the yard, or saying that he had poured any in the sink. The officers did not claim to have found whisky in appellant's yard. They did find some in a vacant lot adjoining appellant's place. Baugh claimed he did not even know that whisky had been found anywhere when he had the conversation with appellant's wife over the telephone. An officer was recalled by the state,

and, over objection, testified that he heard Baugh say to some one over the "phone," "They found some out at the back, but I poured out some that was in the sink." Objections were urged to the cross-examination of Baugh and also to the officer's testimony on the ground that the conversation over the "phone" was not in the presence or hearing of appellant, was between third parties, and could not be binding on appellant. The bill presenting the matter for review is qualified to show that the conversation was admitted because it was the state's theory that appellant and Baugh were acting together, and because the state contended that the conversation was between Baugh and appellant and not appellant's wife, and further, because it tended to show the presence of whisky in defendant's house. We find no support of the contention that Baugh's conversation was with appellant. In Texas Jurisprudence, vol. 18, sec. 60, appears the following text:

"The conversations and statements of third persons not made in the presence or hearing of the accused, and of which he is not shown to have had any knowledge or connection, are hearsay and inadmissible."

As supporting the text, see Ballard v. State, 96 Texas Crim. Rep., 98, 255 S. W., 1115; Patrick v. State, 45 Texas Crim. Rep., 587, 78 S. W., 947; Joiner v. State, 89 Texas Crim. Rep., 408, 232 S. W., 333; Smith v. State, 93 Texas Crim. Rep., 529, 248 S. W., 685. The telephone conversation seems to have been admitted upon the question of appellant's guilt. We find no instruction from the court attempting to restrict its use by the jury to any other purpose. Appellant requested no limiting instruction presumably standing upon his contention that the evidence was inadmissible for any purpose. It most certainly was not legal evidence on the question of guilt; that it was harmful cannot be doubted, and in view of the unsatisfactory and inconclusive character of other evidence in the record the conclusion can not be escaped that the testimony just discussed contributed largely to appellant's conviction.

We do not base a reversal on the failure to limit the testimony as no objection was urged to the charge for such omission.

In a vacant lot not belonging to appellant and some sixty or sixty-five feet from his residence the officers found under a tub a sack containing five and a half gallons of whisky in jars. Appellant was not shown to have exercised any control over such whisky and was never seen about it, nor in the vacant lot. No well-defined path led from appellant's residence to the point where the whisky was found. Trails seem to have run in every direction through the vacant lot, one leading

towards a church on an adjoining block. Houses were across the street from appellant's residence. Witnesses testified that cars were frequently seen to stop at or near appellant's house, but no evidence regarding any transaction of appellant with the occupants of such cars is found in the record.

In our opinion the evidence fails to measure up to that required in cases depending on circumstantial evidence. At most it raises only a suspicion against appellant, but does not exclude every reasonable hypothesis save that of appellant's guilt. See Mathis v. State, 100 Texas Crim. Rep., 509, 272 S. W., 204; Albaneso v. State, 99 Texas Crim. Rep., 108, 268 S. W., 158; Todora v. State, 36 S. W. (2d) 746; Chandler v. State, 49 S. W. (2d) 778; Moore v. State, 91 Texas Crim. Rep., 46, 237 S. W., 258; Ponton v. State, 99 Texas Crim. Rep., 93, 268 S. W., 155. Many other authorities are cited in appellant's brief, but we deem those referred to sufficient without burdening this opinion with others.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*