## JASPER PRICE V. THE STATE.

No. 20167.   Delivered March 1, 1939.

The opinion states the case.

*Callaway & Callaway,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for theft of cattle. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant's main contention is that the evidence is insufficient to justify and sustain his conviction. After a careful review of the record, we are of the opinion that his contention is well-founded and should be sustained.

The state's testimony, briefly stated, shows that on June 1, 1938, a Hereford bull yearling belonging to Ralph Hart disappeared from Perry Taylor's pasture located about four miles west of Brownwood. On the 11th day of June, the animal was found in Russell Coffee's pasture, located about six miles northeast from Brownwood. The record is silent as to how

the animal got from Taylor's to Coffee's pasture. At the time the animal was discovered in Coffee's pasture, Mr. Coffee had a Hereford bull of about the same age running in the pasture. Appellant, who lived with his parents some distance from the Coffee pasture, was a brother-in-law to Mr. Coffee. On the afternoon of June 11, the officers made several trips out to the pasture. On their last trip, they observed a man in the pasture driving or attempting to drive the two bulls. They broke away, however, and ran to a point where some other cattle were grazing. When the man saw the officers, he ran away and disappeared in the brush. Two of the officers were positive in their identification of appellant as the man who was driving the animals and who ran away. The other party was not positive, but said that from his general appearance, the man resembled appellant.

Appellant was in Brownwood on the afternoon of June 11, and offered to sell a Hereford bull to Leonard Reagan for $35.00. This occurred between three and four o'clock P. M. Later in the same afternoon Reagan had another conversation with appellant about the bull and inquired of him if it was the Perry Taylor bull which had been stolen; that if it was, he did not want anything to do with it. Appellant replied that it was not; that Mr. Coffee had raised the animal; that it was in Coffee's pasture near the highway and he could go out there and look at him.

Appellant testified in his own behalf. He denied stealing the animal in question and denied that he was in Coffee's pasture on the afternoon in question. He proved by a number of witnesses that he was in Brownwood on said afternoon until about 5:30 or 6:00 o'clock. Coffee testified that he owned a Hereford bull about eighteen months old which he desired to sell, but stated that he did not know whether or not appellant knew it; that he had talked to his folks about it.

Disregarding the defensive testimony and considering only the state's evidence, we do not believe it sufficient to sustain appellant's conviction. Said evidence fails to connect appellant with the original taking of the animal from the Taylor pasture or the bringing of it to the Coffee pasture. He was not in actual or constructive possession of the animal in question.

However, if it be conceded that he was in the Coffee pasture late in the afternoon of June 11 and was seen driving the two bulls, if he did, and that he ran when he saw the officers, this would only indicate that he then and there, and at that time was attempting to steal the animal or had knowledge that it had been stolen. It would not connect him with the original

taking of it from the Taylor pasture. It is a well-settled rule of law that a conviction for theft based upon circumstantial evidence alone will not be sustained if the testimony does not preclude every other reasonable hypothesis except that of defendant's guilt. The evidence in this case falls far short of that legal requirement. See Rios v. State, 69 Tex. Cr. R. 233; 153 S. W. 308; Moore v. State, 91 Tex. Cr. R. 46, 237 S. W. 258; 2 Tex. Jur. sec. 129a, p. 882, where the following statement is noted: "The state must connect the accused with the original 'fraudulent' taking; no subsequent connection with the stolen animal whether in good or bad faith will constitute theft. * * *" See, also, Harris v. State, 13 Tex. Cr. App. 309 (318).

In view of the disposition we are making of the case, it will not be necessary to discuss the other matters complained of.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.