Wayne **CANTWELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46042.

Court of Criminal Appeals of Texas.

April 18, 1973.

George J. Parnham, Houston, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of burglary with intent to commit theft. The punishment was assessed at three years.

The sufficiency of the evidence is not challenged.

■ In his first ground of error, appellant contends that the indictment is fatally defective because the same does not allege ownership of the property that appellant is alleged to have intended to steal.

The indictment, omitting the formal parts, alleges that appellant and two others, on or about the 8th day of March, 1971, "did unlawfully by force, threats, and fraud, break and enter a house then and there occupied and controlled by Dudley Prade, with intent then and there to fraudulently take therefrom corporeal personal property therein being and then and there *belonging to the said Dudley Prade,* from the possession of the said Dudley Prade, without his consent and with the intent then and there to deprive the said Dudley Prade of the value thereof, and to appropriate the same to the use and benefit of" appellant and his co-principals. (Emphasis supplied).

The indictment sufficiently alleges the ownership of the property that appellant intended to take. This ground of error is overruled.

■ In his second ground of error, appellant contends that "the trial court committed reversible error in admitting in evidence, over the objection and exception of counsel, the purported marriage license of the appellant and one Nancy Kay Barr for the reason that the same was not shown to be relevant to any issue, nor was there any showing that appellant and the person named in the license were one and the same."

On March 8, 1971, Dudley Prade's ranch house and barn were broken into without his consent. Certain cooking utensils, including a pressure cooker, had been removed from the house. Several saddles had been removed from his barn. Appellant was identified as one of the three persons who were present at the time of the burglary. Upon the approach of an officer, appellant and another fled. An automobile which was parked near the ranch house and barn contained one of the stolen saddles and some of the stolen cooking utensils. This car was shown to be registered to one Nancy Kay Barr. The marriage license was relevant to show that the automobile which contained the stolen

property belonged to appellant's wife. Further, appellant's mother testified without objection that he was married to Nancy Kay Barr.

In Amaya v. State, Tex.Cr.App., 473 S.W.2d 476 (1971), this Court stated:

"If the admission of any of the evidence was improper, it is the general rule that such does not constitute reversible error if the same facts were proved by the other testimony which was not objected to. 5 Tex.Jur.2d, Section 446, p. 704. See Hoover v. State, Tex.Cr. App., 449 S.W.2d 60; Hart v. State, Tex.Cr.App., 447 S.W.2d 944; Cruz v. State, 170 Tex.Cr.R. 611, 343 S.W.2d 457, and Texas Digest, Criminal Law, ▬▬▬▬"

■ No objection was made to the admission of the marriage license on the ground that there was no showing that appellant and the person named therein were the same. Had such an objection been made, it would have gone to the weight and not the admissibility of the evidence.

Appellant's second ground of error is overruled.

■ In his third ground of error, appellant contends that it was error to allow the witness James Cowan to testify as to a conversation he had with one Gordon Everett Kosler in the presence and hearing of the appellant at which time Kosler asked Cowan to take them both to town because their car had broken down.

■ Generally, statements made by third persons in the presence of the accused are admissible in evidence against him where the accused was not under arrest at the time such statements were made. See Thomas v. State, Tex.Cr.App., 488 S.W.2d 777; Rafford v. State, 139 Tex.Cr.R. 497, 141 S.W.2d 457 (1940); Scoggin v. State, 123 Tex.Cr.R. 90, 57 S.W.2d 847 (1933); Rogers v. State, 217 S.W. 148, 86 Tex.Cr. R. 418 (1919); 24 Tex.Jur.2d, Evidence, Section 563.

■ In his last ground of error, appellant contends that the evidence concerning his arrest pursuant to a warrant in Marble Falls in Burnet County was inadmissible because the affidavit upon which the arrest was based did not reflect probable cause.

The court allowed Officers Koch and Dodd to testify that they arrested appellant at his grandmother's home in Marble Falls in Burnet County. The court refused to permit the State to prove any statements that appellant made at the time of his arrest, that any evidence was recovered as a result of that arrest, or that appellant had been hiding in a closet. Appellant's grandmother testified without objection that appellant was arrested at her house in Marble Falls on March 19, 1971.

Appellant's last ground of error is overruled. See Amaya v. State, supra.

No reversible error has been shown. The judgment is affirmed.