### Mike Albaneso v. The State.

#### No. 8503.   Delivered Jan. 21, 1925.

**1.—Manufacturing Intoxicating Liquors—Evidence—Hearsay Inadmissible.**

Over the objections of appellant, the state was permitted to prove by an officer, that at the time of the discovery of certain equipment for manufacturing whisky on premises, supposed to have been in the possession of appellant, that either the wife or daughter of appellant made a statement to him, as follows "I understood that defendant was in town at that time, I don't know whether I got this information from appellant's wife or from his daughter; I talked to them both; I wouldn't say it wasn't his wife, I got this information from. Defendant's wife and daughter were the only persons there that I talked to about defendant's whereabouts." This testimony was clearly hearsay, and should not have been admitted over appellant's objections.

**2.—Same—Evidence—Insufficient to Sustain Conviction.**

This was a case of circumstantial evidence consisting in the main of the proof of the finding of implements and other paraphernalia used in making

whisky, on premises that were supposed to be, but were not shown to have been under the control of appellant at the time of the discovery. The case falls short of the proof necessary to sustain a conviction as is laid down in Sec. 1877 of Branch's P. C.

3.—Same—Evidence—Sufficiency of—Rule.

To sustain a conviction it should appear not only that an offense as charged has been committed, but there should also be proof tending to establish that the party charged was the person who committed it or was a participant in its commission to a degree of certainty greater than a mere probability or strong suspicion. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him. Tollett v. State, 44 Texas, 95.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for the manufacture of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*S. B. Ehrensworth,* of Houston, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the manufacture of intoxicating liquor with the punishment assessed at one year in the penitentiary.

Two officers testified that on July 20th they searched the premises of appellant and found in a barn situated about twenty-five steps from the dwelling house a seventy-five gallon still which was in operation at the time. They also found in this barn nineteen 50-gallon barrels full of mash, 8 empty barrels, about two gallons and a quart of whisky and a quart of coloring, 6 or 7 sacks of sugar, 12 five-gallon jugs and some bottles. The premises were situated about nine miles from Houston. Appellant was not at home when the search was made and was not seen by either of the officers. His wife and daughter were arrested. Some four or five days later appellant surrendered to the sheriff. The only evidence in the record as to the whereabouts of appellant came through the hearsay testimony of one of the officers over the objection of appellant. The officer testified upon this point as follows:

"I understood that defendant was in town at that time. I don't know whether I got this information from appellant's wife or from his daughter; I talked to them both; I wouldn't say it wasn't his wife I got this information from. Defendant's wife and daughter were the only persons there that I talked to about defendant's whereabouts."

It is apparent from the quoted testimony that it was clearly hearsay and should not have been admitted over appellant's objection. It is argued that it was damaging in its character in that it may have left upon the jury the impression that appellant was only temporarily absent from the premises. Under the meager facts produced by the state

we are not prepared to say there is not force in this contention. There is not one word of evidence in the record which shows that appellant was living upon the premises at one time, nor when he left the premises, nor whether he had been there on the morning that the raid was conducted. In other words, so far as the record before us is concerned appellant might have been living in the city of Houston and not upon the premises where the still was found. Surely the state could have produced some evidence which would have relieved the barrenness of the record in this respect. In the hearsay statement above quoted the officer said that appellant's wife and daughter were the only persons there with whom he talked relative to appellant's whereabouts. It might be inferred from this that other persons were present at the time of the raid who could have been called as witnesses by the state to throw light on appellant's alleged connection with the manufacture of the liquor in question. His wife, of course, could not have been called by the state but there was no impediment against so using the daughter if she was old enough to testify and there is nothing in the record indicating the contrary. From the testimony of the officers we may assume that considerable preparation had been made for the manufacture of liquor at the point where the apparatus was discovered and if the presence of appellant at or about the place had been shown by the state at a time shortly before the raid, or even had it been shown that he was living at home at the time a much stronger case for the state would have been presented than the one before us on the meager testimony recited. Appellant adopted as a part of his brief the latter paragraph of Section 1877 of Branch's Ann. P. C., with the authorities cited thereunder and additional authorities. We quote that portion of his brief:

"To sustain a conviction it should appear not only that an offense as charged has been committed, but there should also be proof tending to establish that the party charged was the person who committed it or was a participant in its commission to a degree of certainty greater than a mere probability or strong suspicion. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him. Tollett v. State, 44 Texas 95 (theft). Porter v. State, 1 Texas Crim. App. 399, (assault to murder). Grant v. State, 3 Texas Crim. App. 5 (theft). Jones v. State, 4 Texas Crim. App. 436 (murder). Barnell v. State, 5 Texas Crim. App. 115 (theft). Griffith v. State, 9 Texas Crim. App. 373 (abortion). Green v. State, 31 S. W. 386 (burglary). Gill v. State, 36 Texas Crim. Rep., 595; 38 S. W. 190 (murder). Cox v. State, 59 S. W. 903 (obstructing railroad track). Hernandez v. State, 43 Texas Crim. Rep., 80; 63 S. W. 320 (theft). Polin v. State, 65 S. W. 183 (receiving stolen property). Walker v. State, 50 Texas Crim. Rep., 221; 96 S. W. 35 (robbery)."

The principle above stated has been the unvarying rule enforced by this court so far as we are aware. The evidence in the record may

raise a strong suspicion against appellant, but it falls short of connecting him by legal and competent evidence with the transaction of manufacturing intoxicating liquor in such a manner as would overcome the presumption of innocence and exclude every reasonable hypothesis save that of his guilt. Sterrett v. State, 265 S. W. 1034.

Believing the evidence to be insufficient to measure up to that standard required to establish the guilt of one accused of crime by circumstantial evidence it is our duty to reverse the judgment and remand the cause, and it is so ordered.

*Reversed and remanded.*