LOUIS YOUNG v. THE STATE.

No. 12993. Delivered February 12, 1930.
Reported in 24 S. W. (2d) 829.

The opinion states the case.

*W. L. Scott* of Graham, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing a still for the purpose of manufacturing intoxicating liquor; punishment, one year in the penitentiary.

An exception was reserved to the charge of the court for its failure to submit the law of circumstantial evidence, and a special charge presenting this phase was asked. The testimony shows that two officers went to a point on the premises occupied by appellant, and when within a short distance of where they found a still, they heard talking and chopping of wood. They went in that direction, and, according to the sheriff, when they reached the place appellant and a negro were sitting down near a still under which a fire was burning and in which was mash, etc. The sheriff testified that appellant and the negro were doing nothing except sitting there. Appellant made some remark about having an invalid wife. The sheriff also testified that appellant informed him that he and said negro were occupied in building and repairing a fence some little distance away, and that he had heard noises and came up to see what it was and saw a man run off from the spot where he found the still. The officer testified that appellant told him he then called the negro to come and see what he had found, and when the negro came they examined the still, and the negro was quite anxious to get some of the product, and appellant thought he would wait and see if there was any whisky made by the still as he had an invalid wife and would take some of it to her. Appellant testified in corroboration of the statement made by him, as detailed by the sheriff. He said when he reached the spot where the still was he saw a man run off; that he called the negro, and when the negro came they had the conversation which he had narrated to the officer, and that they sat down by the still to await developments. He further testified that they were still sitting at the same place when the officers came up and arrested him. He denied any connection with the still, and affirmed that he offered to take the sheriff with him, when discovered at the still, down to the place where he had left his axe, to show the sheriff he was in fact building a fence down there, but the officer declined to go. This fact was also testified to by the sheriff.

We would not undertake to say that these facts might not have justified the jury in concluding from the circumstances that appellant

possessed the still, òr that he was engaged in making whisky, but we are of opinion that such conclusion would rest upon circumstances,— and that the trial court was in error in declining to submit the law applicable to such evidence to the jury. For this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*