FRANK TODORA v. THE STATE.

No. 13814.   Delivered January 21, 1931.
State's Rehearing Denied April 1, 1931.

The opinion states the case.

*W. H. Scott* and *Heidingsfelder & Kahn,* all of Houston, for appellant.

*O'Brien Stevens,* Crim. Dist. Atty., and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of a still for the purpose of manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for four years.

Officers testified that on February 1, 1930, they searched a house at 2218 Morgan Street in the city of Houston and found 140 gallons of whisky, a large still, which was in operation at the time, and a quantity of mash. Appellant's 12-year-old son was filling up the mash barrel and pumping mash into the still when the officers appeared. A woman with a baby was present with the boy. The officers testified the woman was appellant's wife. Appellant was not at the house when the search was made, and was not seen by the officers at the house on any occasion. The young boy was placed in charge of the Chief Probation Officer of Harris County. After the raid appellant went to the probation officer and requested him to release his son to him. Appellant stated to the officer that he lived on Morgan Street. The officer was unable to testify as to the number he gave, and further as to whether the house was on the corner, or in the middle of the block. He said he thought appellant said that he lived "in the 2200 block somewhere." The house searched by the officers was on the corner of Morgan Street. In his conversation with the probation officer, appellant promised the officer that he would bring the boy back to him. It appears further from the testimony of the probation officer that he stated to appellant that the boy had been doing what he (appellant) told him to do. Appellant replied that his attorneys had told him not to make any statement about the matter. The boy was not returned to the officer. State's witness J. W. Lockett testified that he rented the house at 2218 Morgan Street to appellant on November 15th, 1929, and that appellant paid the rent for one month at the time; and that appellant came back to his office on December 15th and paid the rent to the middle of January. On the date last mentioned, appellant paid the rent to February 1st, 1930. Mr. Lockett testified further that he had seen the appellant inside the house, but did not give the date.

There is nothing in the record to show that appellant was living in the house at the time the raid was made. It is not shown that he had been in the house or near it at a time shortly before the raid was made. In short, it is not shown that he was in the house except on the occasion his landlord saw him there. Some preparation had been made for the manufacture of intoxicating liquor, according to the testimony of the officers, and had it been shown that appellant was in the house shortly before the raid, or that he was living there at the time, a stronger case would be presented than is reflected by the meager testimony found in the record.

On the facts, we are unable to distinguish the case at bar from that of Albaneso v. State, 99 Texas Crim. Rep., 108, 268 S. W., 158, 159. In Albaneso's case the officers searched premises belonging to appellant, with the result that they found a still and a quantity of whisky and mash. Albaneso was not at home when the search was made, and was

not seen by either of the officers. His wife and daughter, who were present, were arrested. Four or five days later Albaneso surrendered to the sheriff. In commenting upon the fact that the State failed to show that appellant was living upon the premises, or that he had been there shortly before the raid, this court, speaking through Judge Hawkins, said:

"Surely the State could have produced some evidence which would have relieved the barrenness of the record in this respect. * * * His wife, of course, could not have been called by the State, but there was no impediment against so using the daughter if she was old enough to testify, and there is nothing in the record indicating the contrary. From the testimony of the officers we may assume that considerable preparation had been made for the manufacture of liquor at the point where the apparatus was discovered, and, if the presence of appellant at or about the place had been shown by the State at a time shortly before the raid, or even had it been shown that he was living at home at the time, a much stronger case for the State would have been presented than the one before us on the meager testimony recited."

The conclusion is reached that the evidence merely raised a strong suspicion against Albaneso, and that he was not connected with the transaction of manufacturing intoxicating liquor in such a manner as to overcome the presumption of innocence and exclude every other reasonable hypothesis save that of his guilt.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—While, as stated in the original opinion, there were suspicious circumstances, still to the mind of the writer they are clearly insufficient to support the verdict. They may be summarized as follows: The appellant rented a house several months before the date of the search. At the time he rented it there was no still in it. There was no testimony showing that he ever entered the house again after the day he rented it. He was not present at the time of the raid. However, some stress is laid by the State upon the fact that the appellant was told by the probation officer that the boy did what the appellant had told him to do. The officer did not state the words which were used. This could hardly be regarded as a charge requiring an answer. The house was in a thickly settled neighborhood. According to the officers, at the time of the search, it was obvious from

the odor coming from the house that whisky was being made therein. Just when this became manifest, whether recent or of long standing, is not disclosed. In argument, it is urged by the State that the want of testimony connecting the appellant with the offense is supplied by the absence of certain evidence, among others, that the boy was not returned. Touching any request to return him or any process for his appearance the record is silent. While the failure to introduce available testimony may be considered against the accused, it cannot support a conviction in the absence of affirmative testimony, such as will prima facie show guilt. Moreover, the failure of the accused to testify cannot avail the State in making out a case of guilt. Such is the statute, Art. 710, C. C. P., 1925. The only time that the direct evidence shows the appellant to have been in the house was about two and one-half months before the raid, and at that time it affirmatively appears from the State's testimony that there was no whisky or apparatus in the house.

We are constrained to overrule the motion for rehearing and it is so ordered.

*Overruled.*