### FRANK PAYNE v. THE STATE.

No. 14775. Delivered February 3, 1932.

The opinion states the case.

*Nolan Queen,* of Weatherford, and *Myres & Pressly,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Appellant was convicted of transporting intoxicating liquor; punishment assessed at four years in the penitentiary.

The state relied upon circumstantial evidence to convict the appellant. An instruction covering this subject was embodied in the charge. The principle contention presented by the appellant is that the evidence was insufficient as a matter of law to support the verdict and judgment rendered against him in the trial court.

The facts briefly stated are as follows: Some time previous to the offense charged, appellant leased from one G. A. Wright a house and certain land on which to plant an oat crop. Wright was to furnish the seed and appellant was to sow the oats and do all the work. The house located on the leased premises had hay in it and appellant and others moved the hay out of the house in order that it might be occupied. When the hay was being hauled away from the house, Wright testified, appellant assisted in the moving of said hay; that when he leased the premises to the appellant, appellant stated that he would get a man to do the work; some of the land so leased had been broken and the tractor was sitting out in the field. On the day of the arrest of appellant, the officers went within a few hundred yards of the premises. The sheriff used a pair of field glasses and saw four persons engaged in the loading of the truck. They were unable to identify the appellant as one of these parties. The truck was seen to drive away and leave the premises. It was later apprehended by the officers and they found it contained 285 gallons of whisky. The truck was registered in the name of one Leslie Medlin, who was driving said truck at the time it was stopped. The sheriff testified that the appellant was not at the truck at the time he first approached the truck, but that he came up afterwards and had a shot gun with him. Appellant claimed to have been hunting. The sheriff further testified that he believed appellant did have a squirrel in his hunting bag. He testified that the appellant was nicely dressed and he didn't see anything about him that indicated he had been loading or unloading anything out of the truck; that he had on a white shirt, there was no dirt on said shirt. He never did see him touch anything in the truck; didn't see him have anything to do with the whisky or anything about the automobile. The sheriff testified that he arrested all the parties, including the appellant. The evidence further showed that on the occasion of the arrest of appellant, a Studebaker car was found about a mile

and a half from the house. The car belonged to appellant. There was no claim or contention that it contained whisky, in fact all the evidence showed that there was no whisky in it. The above are the principle facts proven.

There was no evidence or testimony showing that appellant drove the truck or that he was ever present when it was being driven, nor was he ever identified as being at the truck at any time until after the officers had gotten to it, at which time appellant was seen coming towards it.

After a careful examination of all the evidence, we are unable to reach the conclusion that the facts are sufficient to show that this appellant was in any manner connected with the transportation of the whisky. The fact that he may have come up to the truck after it was stopped didn't make him of itself guilty; neither did his mere presenece at the time the offense was committed make him guilty. "Mere presence, in the absence of proof of having agreed to commit the offense, will not constitute one a principal. Branch's Texas Penal Code, sec. 681, p. 347; Jenkins v. State, 69 Texas Crim. Rep., 585, 155 S. W., 208; Johnson v. State (Texas Crim. App.), 70 S. W., 83; Sanchez et al. v. State, 70 Texas Crim. Rep., 24, 156 S. W., 218.

Proof, to justify a conviction, would have to go further than to show merely the presence of the appellant at the place of the commission of the offense. This seems to be as far as the state's evidence went in this case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

·The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.