### OSCAR McCLENDON v. THE STATE.

No. 16413. Delivered February 21, 1934.
On Motion to Reinstate Appeal March 14, 1934.
Reported in 69 S. W. (2d) 768.

The opinion states the case.

*Nat Patton* and *C. W. Kennedy, Jr.,* both of Crockett, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for five years.

The caption fails to show the date of the adjournment of the trial court. Under the decisions of this court the appeal must be dismissed. Howle v. State, 43 S. W. (2d) 594.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO REINSTATE APPEAL.

KRUEGER, JUDGE.—At a former day this court dismissed this case because of a defective caption in the record. Since then the record has been perfected, and, upon a motion duly made, the case will be reinstated and considered on its merits.

The appellant was tried and convicted of the offense of unlawfully transporting intoxicating liquor, and his punishment assessed at confinement in the state penitentiary for a term of 5 years.

The testimony adduced by the state shows that on the 5th day of August, 1933, George A. Chaney, a deputy sheriff, searched the appellant's automobile while it was parked on Camp Street in the city of Crockett and found therein three one-half pint bottles of whisky. The appellant was not at the car at the time of the search but was down at the corner. The state then introduced a judgment of conviction entered against the appellant on the 5th of November, 1930, on a charge of unlawfully transporting intoxicating liquor. The appellant offered no evidence.

The appellant contends that the evidence does not warrant

his conviction. After a careful consideration of the state's testimony, we are inclined to agree with the appellant's contention. The testimony shows that the car was parked on Camp Street at the time it was searched, but that the appellant was not in or at the car. Just how long the car had been parked or by whom it was driven when parked is not disclosed by any testimony, nor when or by whom the whisky was placed in it. Hence, it failed to show a transportation of said liquor by the appellant. In the case of Payne v. State, 46 S. W. (2d) 316, this court said: "Proof, to justify a conviction, would have to go further than to show merely the presence of the appellant at the place of the commission of the offense. This seems to be as far as the state's evidence went in this case." Again, this court in the case of Hammers v. State, 59 S. W. (2d) 162, said: "But, in order to convict under a charge of transporting intoxicating liquor, it must be shown that there was a transportation of said liquor within the contemplation of our statute."

Having reached the conclusion that the evidence fails to measure up to the requirements of the law which would justify a conviction on the charge of unlawfully transporting intoxicating liquor, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.