HOMER DANIELS V. THE STATE.

No. 19293.  Delivered January 12, 1938.

The opinion states the case.

*Grindstaff & Robertson,* of Rotan, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possessing intoxicating liquor in a "dry area" for the purpose of sale; the punishment, a fine of $100.

Appellant, his wife and two year old daughter lived near a public road in a rented house. The yard contained about two acres, on three sides of which there was a wire fence. There was no fence on the side adjoining the road. There were no outhouses of any character on the premises, and no toilet inside the house. Adjoining the premises there was a field over which appellant had no control. About forty yards from the back door of the house there was a clump of bushes. A path led from the back steps to these bushes. Appellant testified: "I have never seen anyone out there around that brush, I guess I have been out there at times because we have no toilet on the place nor inside the house." According to the testimony of appellant, he had no control over the back yard but had the right to use the front yard as a playground for his little daughter. Appellant worked in town from about 9 o'clock in the morning until 9 at night. He occasionally returned to his home during the day.

On the 13th of June, 1937, officers procured a warrant under which they searched appellant's residence and surrounding premises. Appellant was not at home and the warrant was served on his wife. The officers found no intoxicating liquor in the house. However, they followed the path from the back door to the clump of brush we have heretofore mentioned, and discovered four quarts of whisky buried there near the wire fence. The officers testified that there were no other paths leading to the place where the whisky was buried. There was a house about 250 yards removed from appellant's house.

Appellant's wife did not testify. Testifying in his own behalf, appellant denied that the whisky belonged to him. He said he did not know that it was on the premises. Moreover, he testified that he had not possessed any whisky for any purpose. We quote from his testimony: "Mr. Vanderford cultivated the

land around the house; he had charge of that clump of bushes where the liquor was found, not me; the Sudan patch was not mine; it was Mr. Vanderford's."

There was no evidence that people frequented appellant's house, nor was it shown that any person had ever been seen coming from his premises. The State introduced no proof that appellant had ever sold intoxicating liquor. In short, in order to show possession for the purpose of sale, the State relied solely on the testimony we have heretofore set forth. It is appellant's contention that the circumstances are not sufficient to meet the requirement of the law of circumstantial evidence. We are constrained to agree with him. We base the reversal on the insufficiency of the testimony of the State, recognizing the fact that the jury were warranted in disregarding appellant's testimony.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.