# NOVEMBER 16, 1938

MRS. ALYNE BALLEW v. THE STATE.

No. 19925. Delivered November 16, 1938.

The opinion states the case.

*Mahan & Broughton,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale in a dry area; the punishment, a fine of $100.00.

Operating under a search warrant, officers went to appellant's private residence for the purpose of making a search for intoxicating liquor. The doors were locked and they were unable to gain entrance. Some of the officers returned to town for aid. During their absence, C. B. Hume watched the house. He testified: "While they [referring to the other officers] were gone I could hear glass breaking on the inside and liquid running down the drain pipe." When the officers returned they broke into the house. They found about three-fourths of a pint of whisky and one-half pint of gin in the refrigerator. They testified that they found a case of empty whisky bottles in the bathroom. Also they found that some whisky bottles had been broken in the bathtub. They recovered about one-third of a pint of liquid from broken bottles, which they delivered to G. B. Boone, chemist of the Texas Liquor Control Board. He testified that he found the liquid "contained an alcoholic content of less than twenty percent by volume." Further, he said: "Whisky has an alcoholic content of from forty percent to fifty percent by volume." Appellant and her husband lived in the house. She was present when the search was made. Her husband was shown to be absent from home.

We deem the evidence insufficient to support the conviction. It has been observed that the officers obtained less than a quart of intoxicating liquor. There is nothing in the record sufficient to show that the entire amount of intoxicating liquor—that which might have run out of the bathtub and that which was found in the house—was more than a quart. There was no testimony which in any manner tended to show that appellant had sold or attempted to sell any whisky. It is observed that the complaint and information charged that she possessed whisky for the purpose of sale. Manifestly the State relied upon circumstantial evidence, and a charge upon the subject was submitted. We think the proof merely raised a strong suspicion of guilt. It was incumbent upon the State to introduce proof

"to a degree of certainty greater than a mere probability or strong suspicion" tending to establish that appellant possessed the whisky for the purpose of sale. The State having failed to introduce sufficient proof to show that appellant possessed more than a quart of intoxicating liquor, we are constrained to hold that the evidence failed to exclude every other reasonable hypothesis save that of appellant's guilt. See Rhodes v. State, 28 S. W. (2d) 548.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.