T. C. WILLIAMS V. THE STATE.

No. 20311. Delivered April 5, 1939.

The opinion states the case.

*J. C. Darroch* and *E. M. Davis,* both of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of whisky in a dry area for the purpose of sale; the punishment, a fine of $100.00.

Operating under a search warrant, officers went to appellant's home in the City of Brownwood for the purpose of making a search for intoxicating liquor. The front screen door was latched. Appellant and W. W. Allen were sitting at a table in view of the officers with some glasses in front of them. There were some empty beer cans on the table. The officers requested appellant to open the door, and when he did not respond they took an ax and made a forcible entry. As the door came open appellant started toward the bath room and one of the officers overtook him. A scuffle ensued and appellant was finally overcome. The officers then searched the bath room. At this juncture we quote from the testimony of one of the officers, as follows:

"This bath room had a double door and inside of the bath room I found a pint bottle about half full of liquor sitting in a square concrete box with a grate in the bottom of it. There was also a tamping rod adjacent to the concrete box. I also

found a tub with crushed ice in it, sitting on the bath room floor and on the back porch I found a case of empty beer bottles. There was three other persons in the house besides the defendant, one being a Mr. Allen and the other two young men I did not know. At the time we approached the house defendant and Allen were sitting at a table and had some glasses sitting on the table which showed to have had liquor in them."

Appellant testified that the whisky in question belonged to him and that he had it for his own use and had given Allen and McChristy a drink of whisky shortly before the officers entered the house. He denied that he had sold or offered to sell any of the whisky. Allen and McChristy corroborated appellant. One of the officers testified that he did not know whether appellant had ever sold any whisky to Allen or anyone else.

Looking alone to the testimony of the State, we think appellant's contention that the evidence is insufficient should be sustained. It is not sufficient that testimony merely raised a strong suspicion of guilt. It was necessary that it exclude every other reasonable hypothesis except the appellant's guilt. In view of the fact that appellant possessed less than a quart of whisky, the prima facie rule was inapplicable and the State was forced to rely upon circumstantial evidence. We think the State failed to introduce proof "to a degre of certainty greater than a mere probability or strong suspicion" tending to establish that appellant possessed the whisky for the purpose of sale. See Ballew v. State, 121 S. W. (2d) 369.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.