CHARLEY EMERSON V. THE STATE.

No. 20337. Delivered April 5, 1939.

The opinion states the case.

*J. C. Darroch* and *E. M. Davis,* both of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of whisky in a dry area for the purpose of sale; the punishment, a fine of $150.00.

Operating under a search warrant, officers went to the City Cafe in Brownwood for the purpose of making a search for intoxicating liquor. When they entered the front door a young lady who was employed in the cafe said, "Here comes the law." The officers immediately went to the back of the building where they saw appellant throw two bottles against the wall. One of the officers said: "We procured the tops of the two bottles we had seen thrown; also found two half-pint bottles with liquor in them upon a shelf in the west side of the building. One of them was full of liquor and the other was about two-thirds full. I also noticed some glasses on a table in the middle of the building at the rear. There was some men in the rear of the building at the time we entered, but they left, and I do not know who they were. I do not know whether the two bottles which were broken were pint or half-pint bottles. They looked to be half-pint bottles like the ones we recovered in the building. We took the defendant, Charley Emerson, to jail and on the way to jail he advised me that he did not own the place we raided and did not work there, but was just a guest in the building and that the liquor and bottles we got did not belong to him. I did not know that the defendant was not working at this place. I had seen him there at least one time."

Two young ladies who were employed in the cafe were introduced as witnesses on behalf of appellant. They testified that J. R. Wooldridge was the owner and operator of the cafe and that appellant had no interest therein. We quote from the testimony of one of said witnesses: "Charley Emerson was not the owner of the City Cafe, and was not employed there. He came to the cafe occasionally, but not too often." Elmer Bounds a witness for appellant, testified that on the occasion of the search he and Tom Lacy were in the cafe and that Lacy had two half-pint bottles of whisky with him, which he told him he had purchased at the Southern Hotel. This witness said: "We had just started to drink the liquor when the officers made the raid. As soon as the officers entered the building Lacy grabbed these two half-pint bottles and placed them on a shelf

against the wall on the west side of the building and we hurried out of the building."

Appellant earnestly contends that the evidence introduced by the State is insufficient. We are constrained to agree with him. It is observed that the officers were unable to determine how much liquor had been in the bottles appellant broke. In any event, there was less than a quart. There is nothing to show that appellant was exercising any care, custody or control over the two half-pints of whisky the officers discovered on the counter against the wall. In view of the fact that the evidence failed to show that appellant was in possession of more than a quart of whisky the State relied upon circumstantial evidence. The circumstances merely raise a suspicion of guilt, and fail to exclude every other reasonable hypothesis except appellant's guilt. It was incumbent upon the State to introduce proof "to a degree of certainty greater than a mere probability or strong suspicion" tending to establish that appellant possessed the whisky for the purpose of sale. See Ballew v. State, 121 S. W. (2d) 369.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.