## CORINE MURRAY v. THE STATE.

No. 20655. Delivered December 6, 1939.

54

The opinion states the case.

*W. R. Blain,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is possessing whisky in a container to which no tax stamp showing the payment of the tax due the State of Texas was affixed; the punishment, a fine of $100.00.

G. S. Lowe, an inspector of the Texas Liquor Control Board, testified that on the 10th of April, 1939, he and A. C. McDonald, who was employed by the Federal Alcoholic Taxing Unit, went to a house at No. 727 Forsythe Street in the City of Beaumont, and instituted a search for intoxicating liquor. The witness entered the house through the front door while Mr. McDonald went around the building to the rear thereof. Appellant and five or six other negroes were in the kitchen. There were approximately ten rooms in the building, which appeared to be occupied by roomers. As Mr. Lowe entered the kitchen he stated to the negroes present that he had a warrant to search the house. Appellant replied, "all right; go ahead and search." He found no whisky in the house but there were several whisky glasses and some empty whisky bottles. All of these bottles bore the proper revenue stamps. The witness testified further that he did not know who was in charge of the building, but assumed that in view of appellant's statement to him that she controlled it.

Mr. McDonald testified that while making a search of the

back yard he found a glass jug under the back steps of the house, containing bootleg whisky. There was no stamp affixed to the jug showing that the tax due the State of Texas had been paid.

We are constrained to agree with appellant's contention that the evidence is insufficient to support the conviction. It is observed that there was no testimony sufficient to show that appellant was in charge of the rooming house. There were several persons present at the time of the search, who, as far as the record reflects the matter, had the same opportunity to place the whisky under the back steps as did appellant. There is nothing in the record to show that appellant exercised any control over the liquor. While the court charged on circumstantial evidence, we are constrained to the view that the proof failed to exclude every other reasonable hypothesis except that of appellant's guilt. From Branch's Ann. P. C., Section 1877, we take the following: "To sustain a conviction it should appear not only that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him." See Gunn v. State, 56 S. W. (2d) 189.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.