O'DELL STEVENS V. THE STATE.

No. 20730. Delivered January 10, 1940.

The opinion states the case.

*Owen & Bohannon,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is possession of alcohol in a dry area for the purpose of sale; the punishment, a fine of $400.

Officers testified that they searched appellant's residence and found therein approximately one and two-thirds pints of alcohol. There was no proof that appellant had sold or offered to sell any alcohol.

The court did not charge on the presumption arising from the possession of more than one quart of alcohol, there being no evidence authorizing the submission of such matter. Appellant contends that the evidence is insufficient to support the conviction. We feel constrained to sustain his contention. See Rhodes v. State, 28 S. W. (2d) 548; Hinton v. State, 120 S. W. (2d) 1053.

We quote the rule touching the sufficiency of circumstantial evidence found in Branch's Ann. P. C., Sec. 1877, as follows:

"To sustain a conviction it should appear not only that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him."

It was incumbent upon the State to introduce proof "to a degree of certainty greater than a mere probability or strong suspicion" tending to establish that appellant possessed the alcohol for the purpose of sale.

Believing the evidence insufficient, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.