MRS. LERA REESE V. THE STATE.

No. 20944. Delivered March 27, 1940.

The opinion states the case.

*Owen & Bohannon,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for possession of intoxicating liquor in dry area for purpose of sale; the punishment assessed is a fine of $100.00.

Appellant's principal contention is that the evidence is insufficient to justify and sustain her conviction. The proof shows that four officers operating under a search warrant, went to the Mecca Cafe in Brownwood for the purpose of making a search for intoxicating liquor. Mr. Reese, appellant's husband, was not present, but appellant was operating the cafe in his absence. Several persons were present in the cafe at the time of the search. None of them appear to have been drinking any intoxicating liquor. The search by the officers revealed a one-half pint bottle half full of whisky in the ice box, and the officers later found a one-half pint bottle full of whisky in the upstairs part of the establishment. In all, less than a pint of whisky was found. One glass, sitting on the shelf back of the counter, smelled of whisky. A number of empty bottles were found at the cafe. Appellant explained their presence by stating that sometimes persons came into the cafe and took a drink there and left the empty bottles. That they often loaned them a glass for this purpose. No other testimony relative to the sale of whisky on the premises was introduced, either at the time the officers searched or any time prior thereto. Appellant stated that she did not know that the whisky which the officers found on the premises was there, or how it came to be there. There was no proof that appellant at any time sold or offered to sell any whisky. The case was one of circumstantial evidence, and the court submitted a charge relative thereto. In view of the fact that less than a quart of whisky was found, the prima facie rule was inapplicable. In such cases this Court has held that it is incumbent upon the State to introduce proof "to a degree of certainty greater than a mere probability or strong suspicion" tending to show that an accused possessed the whisky for the purpose of sale. Inasmuch as the State's evidence shows that less than a quart of whisky was found on the premises, and fails to show that appellant had at any time sold or offered to sell any intoxicating liquor, we are constrained to hold that the evidence fails to exclude every reasonable hypothesis except that of appellant's guilt. See Williams v. State, 126 S. W. (2d), 976; Emerson v. State, 126 S. W. (2d), 971; Ballew v. State, 121 S. W. (2d), 369; Stevens v. State, 135 S. W. (2d), 487.

In view of the disposition we are making of the case, we do not deem it necessary to discuss the other questions herein presented.

Having reached the conclusion that the evidence is insufficient to sustain the conviction, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.