WALTER THURSBY V. THE STATE.

No. 21892. Delivered February 4, 1942.

296

The opinion states the case.

*McIntosh & Duncan,* of Gilmer, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of violating the local option liquor law and fined the sum of $100.00.

The testimony shows that two officers were driving around on a cruising expedition and came to the home of appellant. They entered this home where they saw two negroes and a white man. After entering such home, through an inside door they saw appellant pouring something out of a jug into a pint bottle. One of the officers wrested this bottle from appellant, and at about such time they saw appellant's wife pouring something out of such jug. The jug smelled of whisky. The pint bottle contained whisky. This was all the testimony relative to the liquor. Appellant was charged with the possession of intoxicating liquor for the purpose of sale. There was no testimony relative to the amount of liquor, if any, left in the jug.

The statute provides that the possession of more than a quart of intoxicating liquor is prima facie evidence that the same was possessed for the purpose of sale, but under the facts presented here we have but one pint of liquor, and the

State could not avail itself of such prima facie presumption, nor did the court so charge the jury relative to such presumption. There was also no proof of any attempt upon the part of appellant to sell any whisky.

We quote from Hinton v. State, 120 S. W. (2d) 1053:

"It was not shown by direct evidence that appellant possessed more than a quart of whiskey. There was no proof that he had sold or offered to sell any whiskey. Under the circumstances, it was incumbent upon the State, in order to sustain a conviction, to prove that appellant possessed more than a quart of intoxicating liquor."

Again we quote from Williams v. State, 126 S. W. (2d) 976:

"Looking alone to the testimony of the state, we think appellant's contention that the evidence is insufficient should be sustained. It is not sufficient that testimony merely raised a strong suspicion of guilt. It was necessary that it exclude every other reasonable hypothesis except the appellant's guilt. In view of the fact that appellant possessed less than a quart of whisky, the prima facie rule was inapplicable and the state was forced to rely upon circumstantial evidence. We think the state failed to introduce proof 'to a degree of certainty greater than a mere probability or strong suspicion' tending to establish that appellant possessed the whisky for the purpose of sale. See Ballew v. State, 121 S. W. (2d) 369."

See also Reese v. State, 138 S. W. (2d) 551, and cases there cited.

We think under the above cases the proven facts are not sufficient to predicate a verdict of guilt of the possession of whisky for the purpose of sale. It will also be observed that such a case depended upon circumstances from which the main fact of possession for sale purposes could be inferred, and therefore we think appellant's requested charge upon circumstantial evidence should have been given.

The judgment is reversed and the cause remanded.