## C. W. Green v. The State.

No. 21901. Delivered February 11, 1942.

The opinion states the case.

*T. L. Price,* of Post, and *R. W. Webb,* of Snyder, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for possessing liquor for the purpose of sale in Scurry County, which is alleged to be dry territory; punishment being six months in jail.

It was alleged in the complaint and information that Scurry

County was dry area by virtue of an election held in said county on the 10th day of May, 1902, and that appellant on May 15, 1941, in said county had in his possession for the purpose of sale "329 twelve ounce cans of beer, a malt liquor, and 6 pint bottles of unstamped liquor."

Under authority of a search warrant officers searched appellant's residence and found in his refrigerator five pints of some character of unstamped liquor, and five cans of beer. There is no further description of the character of the unstamped liquor. The officers then broke a padlock on the door of a garage across the street from appellant's residence, which garage belonged to appellant, and found therein 27 cases of beer, 12 cans to the case. At the time of the search appellant told the officers that the sheriff had the key to the garage, and was in charge of it under a "padlock order from the District Court, and that he had no way to open the garage, and had had nothing to do with it for a year, and did not know what, if anything was in it." This was proven by one of the officers, a State's witness. At the instance of appellant the sheriff testified that under an order of the District Court he had padlocked the garage in question, and had the key thereto upon the day of the search and had been in possession of the key since executing the court's order, and had never let appellant have the key to the garage; that there was no beer or intoxicating liquor in the place when he locked it. We find in the statement of facts an agreement that "the key to same (the garage) was still in the possession of the sheriff, and that he had not delivered said key *nor the possession of said building* to the defendant up to the time of the search."

It is apparent from the record that the State was relying upon the beer in the garage as being in the possession of appellant. Unless it was so in appellant's possession the evidence seems insufficient to convict, and certainly is inadequate to authorize a charge upon the prima facie presumption arising from the possession of more than 24 cans of beer, which instruction the court gave. Before said instruction would be authorized the jury would have to find from the evidence beyond a reasonable doubt that the beer in the garage was in the possession of, that is, under the control and management of appellant. Certainly the State relied entirely upon circumstantial evidence to establish such fact, if it was a fact.

The court gave no instruction upon circumstantial evidence.

There was a proper exception because of its omission, and a special charge upon the subject was refused. This presents error which demands a reversal.

Appellant requested a charge which in effect would have told the jury that the State was required to prove beyond a reasonable doubt that the liquor introduced in evidence was taken from the possession of appellant, and if they had a reasonable doubt as to whether it was in the possession of appellant they should acquit. This instruction, in connection with one defining possession, should have been given under the facts here presented.

We find no proof in the record that Scurry County was dry territory. There is in the statement of facts a recital that it was agreed between the attorney for appellant and the State:— "* * * that in accordance with and based upon the election held May 10, 1902, as alleged by the complaint and information that he, the Defense Attorney, waived further proof by the State to the effect that Scurry County was a dry area in so far as shown by said election." We apprehend that counsel intended by such agreement to admit that Scurry County was dry by virtue of the election mentioned, but it falls short of such admission, only waiving *"further* proof," when the record is bare of any proof.

It would not have been inappropriate for the court to have supplemented the instruction on "prima facie" evidence in accordance with appellant's request.

The judgment is reversed and the cause remanded.