LELA FRAZIER v. THE STATE.

No. 21935. Delivered February 11, 1942.

The opinion states the case.

*G. C. Harris,* of Greenville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Possession of wine for the purpose of sale in a dry area is the offense; the punishment, a fine of $100.00.

Hunt County, where the offense was alleged to have been committed, was shown to be dry area within the meaning of the Texas Liquor Control Act. Peace officers obtained a search warrant authorizing them to search appellant's residence, situated in the City of Greenville. They said they knew that the place described was the appellant's home. They knew that appellant was not at her home, but was at the tourist camp where she worked, because, before making the search, they went to the tourist camp and there, between 10:00 and 11:00 P. M., awakened the appellant and notified her that they were going to search her home, and told her that, as a courtesy to her, before so doing, they wanted to notify her of their intentions, and asked her to accompany them, which she did. Upon arriving at the residence, they found it locked. No key thereto was found in appellant's possession. Entry was made by picking the lock. In one of the rooms of the house they found a closet, which was locked. The lock was broken off and there was found therein a half gallon of wine in a gallon jar; also, some dresses hanging in the closet. Other furniture and fixtures in the house showed it to be occupied as a residence. The officers thereupon arrested appellant and carried her to jail.

The appellant's twenty-year-old son, who was employed in a drug store, testified that he lived at, and had charge of, the house searched by the officers; that his mother did not live at the house, but lived at the tourist camp where she worked; that, about two months prior to the search, he had rented the room where the wine was found to a man and his wife, whose names he gave as Mr. and Mrs. Roy Jones. He denied that either he or his mother had any control over the room at the time the search was made, and said that Mr. and Mrs. Jones were away at the time of the search; and that they vacated the room about a week after the search.

Appellant, testifying as a witness in her own behalf, admitted that she owned the house and that she had the same as her home until three months prior to the time of the search, at which time she moved out and went to the tourist camp which she operated. She admitted that she would go to the house once in a while to clean it up for her son and to look after his laundry; that some of her clothing might have been at the house at the time. She denied that she had any supervision or control over the room where the wine was found, or previous knowledge that any wine was in the house. She testified that she saw Jones and his wife in the room once after they had rented it.

It is contended that, under these facts, a charge on circumstantial evidence should have been given in accordance with appellant's request. With this contention we are in accord, because the State's case did depend upon circumstantial evidence. As supporting this conclusion, see: Bickerstaff v. State, 139 S. W. (2d) 110, 139 Tex. Cr. R. 69; Berry v. State, 282 S. W. 594, 104 Tex. Cr. R. 114; Reese v. State, 138 S. W. (2d) 551, 138 Tex. Cr. R. 655.

We express doubt as to the sufficiency of the evidence to support the conviction; but, inasmuch as the case is to be reversed for the above reason, we forego a determination of that question now.

For the failure to charge on circumstantial evidence the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.