## FLOYD WILLIAMS V. THE STATE.

No. 22718. Delivered January 19, 1944.

The opinion states the case.

*Eugene F. Mathis*, of Lubbock, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The unlawful possession of whisky for the purpose of sale in a dry area is the offense; the punishment, a fine of $250.00.

Appellant was the owner and operator of the Lamar Cafe, in Lubbock. Attached to, and operated in connection with, the cafe was a small dance hall, around the walls of which were "booths," for the use of the patrons. A toilet was attached to the cafe, the use of which was available to the patrons.

Agents of the Texas Liquor Control Board searched the premises mentioned and found in and around the toilet three and one-third pints of whiskey, in pint bottles. In the dance hall, and in one of the booths, were two pints of whiskey. At the time of the search, patrons were in the cafe and dance hall. Of the whiskey found in the toilet, appellant claimed the one-third pint. He denied any knowledge of, or connection with, all the other whisky so found. At the time the search was begun, appellant was in the front of the cafe, at the cash register, where he remained until the search was completed. There is an absence of any testimony showing that, prior to the search, appellant had been in the toilet or dance hall.

There is affirmative defensive testimony to the effect that at least two of the pint bottles of whiskey found in the toilet and that found in the dance hall belonged to, and had been placed there by, patrons of the cafe.

Under the facts stated, the trial court, though requested, refused to charge upon circumstantial evidence. In this, he was in error. Under the facts stated, the State's case was one of circumstantial evidence. Schenk v. State, 106 Tex. Cr. R. 564, 293 S. W. 1101; McFarlan v. State, 106 Tex. Cr. R. 384, 292 S. W. 885; Young v. State, 114 Tex. Cr. R. 135, 24 S. W. (2d) 829; Bickerstaff v. State, 139 Tex. Cr. R. 69, 139 S. W. (2d) 110; Thursby v. State, 143 Tex. Cr. R. 295, 158 S. W. (2d) 539; Green v. State, 143 Tex. Cr. R. 337, 158 S. W. (2d) 771; Lollar v. State, 143 Tex. Cr. R. 420, 159 S. W. (2d) 130.

For the reason assigned, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.