### JONES v. STATE.

No. 25045.

Court of Criminal Appeals of Texas.

Dec. 20, 1950.

E. A. Blair, Lubbock, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Commissioner.

The conviction is for possession of whiskey in a dry area for the purpose of sale, the jury having assessed the punishment at a fine of $250.

Two inspectors for the Liquor Control Board, and a police officer of the City of Lubbock, in possession of a search warrant, searched a building consisting of a four-room apartment and a two-room apartment. The police officer testified that he knew that appellant lived in such house, he having been there previously and having seen appellant there several times. He testified that appellant lived in the four-room apartment, and that in the bedroom they found a picture of appellant, some women's clothes, and a receipt issued to appellant. No liquor was found by the officers in the house but just outside of the house the officers found some seven half-pints of whiskey and three half-pints of gin.

Some of the liquor was found inside of the screen door leading to the front bedroom of the four-room apartment. It was outside of the bedroom door which door they found locked, and inside of the screen door, which was unlatched.

A part of the liquor was found under a rug on the steps leading to the kitchen door of the four-room apartment, and the remainder was found a few feet from the steps under two tubs that were turned bottom up.

Appellant was not at the premises nor was she seen by the officers during the time they were there.

Two women were at the house, one of whom was sitting on the steps of a porch. Also a three-year old child was in the two-room apartment.

A man was in the house when the officers arrived, drinking beer from a can. He had disappeared before the officers concluded their search.

One of the women was temporarily detained. One of the officers testified "We were trying to figure out who it belonged to."

We find nothing in the record to show what, if any, further evidence the officers found by which they finally arrived at the conclusion that the liquor belonged to appellant.

The evidence shows that there were several persons present at the time of the search who had the opportunity to place the liquor where it was found, and there is no evidence that appellant exercised any control over it. She was not present at the search, and it is not shown that she had been at the apartment at any recent time.

If the liquor found outside the locked door of the apartment belonged to appellant

**162**

there is no explanation of why it was left outside of the house.

The circumstantial evidence shows no more than a strong suspicion or probability that appellant was a participant in the commission of the offense of possession of whiskey for the purpose of sale in the area admitted to be dry.

The evidence is therefore insufficient to exclude every other reasonable hypothesis than that of appellant's guilt as charged. See Murray v. State, 138 Tex.Cr.R. 53, 134 S.W.2d 286.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.