## CECIL E. BAKER V. STATE.

No. 25701. February 13, 1952.

Hon. James G. Denton, Judge Presiding.

*Boling, Smith & Allen,* by *S. P. Boling,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Possessing beer in a dry area is the offense; the punishment, a fine of $2,000 and one year in jail.

The Camp Queen Grocery and Service Station, on U. S. Highway 84, just outside the limits of the city of Lubbock, consisted of a filling station, grocery store, living quarters, and garage, all connected. It was operated by H. C. Smith, who, together with his wife, occupied the living quarters as their home.

Agents Hutcheson and Smith of the Texas Liquor Control Board and other peace officers, by virtue of a search warrant, searched the premises mentioned. Thirty-two cases of beer were found in an Oldsmobile automobile parked in the garage; fifteen cases of beer were found in the living room of the house, and three cases of beer were found in the possession of a party by the name of Nicholas. Appellant was on the premises when the search was made. However, no witness testified to seeing him in the possession of any beer at any time, or that he was at any time doing any act relative to the beer or its possession.

Appellant, along with the others, was arrested and charged with the unlawful possession of the beer.

The witness Mitchell, a deputy sheriff, testified that after the search and the arrest had been completed, Hutcheson, the Texas Liquor Control Board agent, handed him the key to the Oldsmobile. Mitchell then suggested to appellant that he drive the car and gave appellant the key, whereupon, with appellant driving, they left in the car. On their way to the jail, Mitchell inquired of appellant, "Is this Skeet's car?" Appellant replied, "No, it is mine."

The witness Nicholas, who worked for Smith at the filling station and grocery store, testified that he was present when a Mexican drove the Oldsmobile automobile into the garage; that appellant was at that time in the grocery store; and that appellant was not the driver of the automobile.

The evidence further showed that the Oldsmobile had a dealer's license plate thereon. It was not shown to have been licensed in the name of the appellant. Other than the statement of the appellant to the deputy sheriff to the effect that the Oldsmobile was his, there is no testimony connecting or tending to connect appellant with the ownership or possession thereof. It is upon this testimony that appellant's conviction for the unlawful possession of beer rests. Appellant did not testify.

Under the facts mentioned, appellant insists that he was en-

titled to have the jury instructed upon the law of circumstantial evidence.

Exception to the charge of the court, as well as a special requested charge, was properly reserved and presented.

Appellant's possession of any of the beer depends, of necessity, upon the testimony showing that beer was found in an automobile belonging to him. His mere presence at the time and place where the beer was found would not constitute him guilty of the possession thereof. There is no testimony showing that appellant had agreed to the unlawful possession of the beer by those in whose possession it was found.

In the case of Filpot v. State, 114 Tex. Cr. Rep. 278, 26 S. W. 2d 202, there appears to be direct authority supporting appellant's contention that a charge upon circumstantial evidence should have been given. In that case, the automobile belonging to the accused and containing several gallons of whisky was found parked in front of a filling station. The possession by the accused of the whiskey found in the automobile was inferable only from the fact that the automobile belonged to the accused. He had not been seen in possession of the whisky or the automobile. There was evidence that another person was in possession of the automobile. A charge upon circumstantial evidence was held to be required under such circumstances. See, also, Thursby v. State, 143 Tex. Cr. R. 295, 158 S. W. 2d 539; and Green v. State, 143 Tex. Cr. R. 337, 158 S. W. 2d 771.

In view of another trial, the opinion is expressed that under the showing here made and the certificate contained in the bill of exception, appellant's statement to the witness Mitchell was made while under arrest and not under circumstances which would authorize its introduction in evidence

For the error mentioned, the judgment is reversed and the cause is remanded.

Opinion approved by the court.