KENNETH HAYS V. STATE.

No. 26,185. February 18, 1953.

*Reid & Reid,* Abilene, for appellant.

*Phil W. Davis, Jr.,* County Attorney, *Hubert Roach,* Former County Attorney, Pro Tempore, both of Aspermont, *Robert C. Hamilton,* Special Prosecutor, Clairemont [*Phil W. Davis, Jr.,* of Counsel], and *George P. Blackburn,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is the possession of whiskey in a dry area for the purpose of sale with two like offenses alleged for enhancement of penalty.

Appellant did not testify. He insists that the evidence is insufficient to support the conviction.

About 10:30 P.M. on April 25, 1952, an officer of the Texas Liquor Control Board and the sheriff went to appellant's residence with a search warrant. Appellant drove up and entered the house and the officers followed him. After a brief conversation, appellant was asked to take his hand out of his pocket, then Officer Bowman took an unopened pint bottle (upon the trial contents shown to be whiskey) from the pocket where appellant had his hand. No whiskey was found in the house.

The witness Bowman testified that immediately after removal of the bottle from appellant's pocket and while he was holding the bottle the following conversation took place:

"Kenneth, I said, Looks like you are doing pretty good around here, you got a pretty good Oldsmobile, and he said, 'Well, I don't make my living altogether bootlegging.' He said, 'I go to the G.I. School.' He said his car was financed with some finance company."

Sheriff Frazier testified and gave the following as his version of the conversation:

"Mr. Bowman told him to take his hands out of his pockets and when he pulled the pint of whiskey, he made the remark to Kenneth, said, 'Kenneth, you are getting rich bootlegging, driving a new Oldsmobile.' Kenneth said, 'Well, I got that Oldsmobile in the finance company and besides that, I don't make it all bootlegging, I go to the G.I. School.'"

The facts do not authorize the application of the prima facie rule in that "not more than a quart of whiskey" was shown to have been possessed. The burden of proof was on the state, in order to sustain a conviction, to furnish some evidence that the whiskey in appellant's possession was possessed for the purpose of sale. Ballew v. State, 135 Tex. Cr. R. 454, 121 S.W. 2d 369.

The trial court, in his charge, limited the jury's consideration of prior convictions for the purpose only of enhancement of penalty.

The state, without the aid of the prima facie evidence rule, was required to furnish some evidence showing that appellant did possess the pint of whiskey for sale. The statement to the officers set out herein was not an acknowledgment of guilt, nor an admission that he possessed same for the purpose of sale. The fact that appellant had the bottle covered by his hand in his pocket does no more than raise a strong suspicion of guilt.

The evidence is therefore insufficient to support the conviction.

The judgment is reversed and remanded.

Opinion approved by the Court.