.R. A. ELLERBE, Appellant,

v.

The STATE of Texas, Appellee.

No. 27436.

Court of Criminal Appeals of Texas.

Feb. 23, 1955.

On Motion to Reinstate Appeal
April 13, 1955.

James L. Cutcher, Childress, for appellant.

· Leon Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The conviction is for possessing whisky in a dry area for the purpose of sale; the punishment, a fine of $450.

Trial was had at a term of the County Court of Childress County which convened on October 4, 1954, and ended on October 31, 1954. The verdict was returned and judgment rendered on October 5, 1954, and on the same day appellant gave notice of appeal.

It appears from the transcript that the recognizance on appeal was not entered into until November 13, 1954, which was after the October term had expired.

■ Such a recognizance is insufficient to confer jurisdiction on this Court. See Art. 830, C.C.P.; Strickland v. State, Tex. Cr.App., 266 S.W.2d 873; Jones v. State, Tex.Cr.App., 31 S.W.2d 644.

The appeal is dismissed.

On Appellant's Motion to Reinstate Appeal

DAVIDSON, Judge.

■ A supplemental transcript showing that appellant has filed in the trial court a proper appeal bond, the appeal is reinstated. Turner v. State, 153 Tex.Cr.R. 614, 223 S.W.2d 236.

This case will now be considered on its merits.

This is a conviction for the unlawful possession of whisky for sale in a dry area, with punishment assessed at a fine of $450.

Murphy owned a fifteen-acre tract of land about a mile north and a half mile east of Childress, which he rented to Dekle, the father-in-law of appellant. Dekle rented a residence situated upon that tract of land to appellant, who, with his wife, was living there. Near the house was a garage, with a side room attached. The garage was "open in the front" but the side room was completely enclosed.

Dekle testified that he rented the appellant only the residence and not the garage or side room. However, appellant was privileged to park his car in the garage.

Under and by virtue of a search warrant, peace officers searched the premises and found a large quantity of whisky, gin, and beer in the side room. In order to get into the room the officers had to break the lock on the only door thereto. Appellant was not at home or on the premises when the search was made.

It is for the possession of these liquors that appellant stands here convicted.

As a part of its case in chief, the state called Dekle as a witness. When asked if the liquors so found by the officers belonged to him, Dekle refused to answer on the ground that his answer might incriminate him. The same reply was made to other questions as to whether he had put the liquors in the side room and whether he had the door key thereto. The witness further testified concerning appellant that "He didn't have no way of getting into nothing."

As the officers were leaving the premises after the search, appellant's wife and children approached in a car and were stopped by the officers. Upon being made acquainted with the fact of the raid and the liquors found in the side room of the garage, the wife advised the officers that she and her husband rented only the house and that "they didn't rent anything else there on that property." The witness also told them that "she didn't know anything" about the whisky being on the premises.

It is upon these facts that this conviction rests.

The sufficiency of the evidence to authorize the conviction is challenged.

Since there was no direct testimony that appellant had the care, control, or management of the liquors found by the officers, appellant's guilt necessarily depends only upon circumstantial evidence.

The outstanding hypothesis of the guilt of another as to possession of the liquors is abundantly raised and not excluded. This is manifest from the testimony showing that the room where the liquors were found was locked, with no intimation or showing that appellant had a key to the lock or was authorized or had facilities to enter such room. Also, the testimony showing that another person who held the lease of the premises whereon the room was situated refused, upon the ground that his answer might incriminate him, to testify whether he did or did not possess the liquors or the key to the room. Therefore, as heretofore stated, the outstanding hypothesis suggesting the guilt of another has not been here excluded.

The facts are insufficient to support the conviction. As supporting this conclusion, see the following: Todora v. State, 117 Tex.Cr.R. 317, 36 S.W.2d 746; Wooldridge v. State, 121 Tex.Cr.R. 255, 51 S.W.2d 727; McClendon v. State, 125 Tex.Cr.R. 559, 69 S.W.2d 768; Baker v. State, 156 Tex.Cr.R. 649, 246 S.W.2d 189; Murray v. State, 138 Tex.Cr.R. 53, 134 S.W.2d 286; Daniels v. State, 133 Tex.Cr.R. 452, 112 S.W.2d 457.

The judgment is reversed and the cause is remanded.