EDDIE HANSON V. STATE

No. 31,911. April 20, 1960
On the Merits June 8, 1960

*John E. Taylor*, Marshall, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is the unlawful possession of beer in a dry area for the purpose of sale; the punishment, a fine of $250, and 10 days in jail.

Judgment was rendered, appellant's motion for new trial overruled, and notice of appeal given during the term of court which terminated by operation of law on January 4, 1960.

Thereafter, on January 25, 1960, appellant and his sureties, in open court, entered into recognizance on appeal.

A recognizance entered into after expiration of the term of court at which conviction was had is insufficient to confer jurisdiction on this court. Art. 830 V.A.C.C.P.; Strickland v. State, 160 Tex. Cr. R. 22, 266 S.W. 2d 873; Haley v. State, 165 Tex. Cr. Rep. 48, 303 S.W. 2d 385; Ellerbe v. State, 161 Tex. Cr. R. 359, 277 S.W. 2d 701; Berry v. State, 165 Tex. Cr. Rep. 454, 308 S.W. 2d 877; Loud v. State, 166 Tex. Cr. Rep. 81, 311 S.W. 2d 852.

The appeal is dismissed.

ON APPELLANTS MOTION FOR REHEARING

DICE, Judge.

By suppelemental transcript it is now shown that appellant has executed an appeal bond in the cause as provided by Art. 830, V.A.C.C.P.; accordingly the appeal is reinstated.

The sufficiency of the evidence to support the conviction is challenged.

The evidence shows that on the day in question, two officers, armed with a search warrant, went to the appellant's house in which he resided and also operated a cafe to search for intoxicating liquors. Before going to the house, the officers entered a plainly beaten path directly across the highway from appellant's house and followed the same approximately 50 yards into the woods to a point where they found 58 twelve ounce cans of Falstaff beer and 32 quarts of beer iced down in a wash tub. There was no path leading from appellant's house to the path where the officers entered the woods. Neither appellant or his wife were present at the place where the officers found the beer and there was no evidence that appellant owned the land where the same was found. After finding the beer in the woods, the officers proceeded to approach the appellant's house where they saw appellant's wife throw 12 twelve ounce cans of beer out of the house into the back yard. When they arrived appellant was doing nothing in connection with the beer. In their search of the house and cafe the officers found no other beer or whisky.

We find the evidence insufficient to sustain the conviction.

The evidence is clearly insufficient to show that appellant possessed the beer which the officers found in the woods across the highway from appellant's home. The place where the beer was found was not shown to be a part of the curtilage of the appellant's home or on premises under his control. The other facts and circumstances are insufficient to show that appellant possessed the beer. Corrisco v. State, 164 Tex. Cr. R. 515, 301 S.W. 2d 144.

The 12 twelve ounce cans of beer which the officers observed the appellant's wife throw from appellant's house was not of sufficient quantity to invoke the prima facie evidence presumption under Art. 667-25(b), V.A.P.C. that the beer was possessed for the purpose of sale. Case v. State, 143 Tex. Cr. R. 336, 158 S.W. 2d 1003, and Lightfoot v. State, 158 Tex. Cr. R. 490, 256 S.W. 2d 845. There is no evidence in the record which shows that this beer was possessed for the purpose of sale. In the absence of such a showing, appellant could not be convicted for unlawfully possessing these twelve cans of beer in a dry area for the purpose of sale.

Because of the insufficiency of the evidence the judgment is reversed and the cause remanded.

Opinion approved by the Court.